Sohngen, J.
 

 Salter asserts 13 assignments of error. The ninth assignment of error, namely, “the finding is contrary to law and is not sustained by sufficient evidence and is contrary to the manifest weight of the evidence,” raises the principal questions for our decision. ,
 

 
 *266
 
 As to the contention that the finding of guilty is not sustained by sufficient evidence and is contrary to the manifest weight of the evidence, suffice it .to say that we are not required to weigh the evidence in a criminal ease. Section 13459-1, General Code;
 
 State
 
 v.
 
 Petro,
 
 148 Ohio St., 473.
 

 We come now to the principal question for our decision.
 

 Murder in the' first degree is defined by Section 12400, General Code, as follows:
 

 “Whoever, purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery or burglary, kills another is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommend mercy, in which case the punishment shall be imprisonment in. the penitentiary during life.”
 

 To warrant a conviction of murder in the first degree, all the elements of the crime as defined by Section 12400, General Code, including the element of
 
 intent to hill,
 
 must be established beyond a reasonable doubt.
 
 Jones
 
 v.
 
 State,
 
 51 Ohio St., 331, 38 N. E., 79. Salter contends “that in the absence of allegation and proof of premeditation, deliberation and malice,” the-state must prove beyond all reasonable doubt he was in the commission of one of the enumerated crimes set out in the statute, in this case rape, and, moreover, must so prove he had, at the same time, the specific' intent to kill, and did,kill; and that there is no evidence in this case which proves-directly or inferentially that Salter intended to kill anyone when he administered the chloroform to Barbara.
 

 Salter relies on the case of
 
 Robbins
 
 v.
 
 State,
 
 8 Ohio St., 131, to sustain his contention. In that case the law question raised, which is pertinent to the law question in the instant case, involved the court’s charge to
 
 *267
 
 the jury. The indictment in the
 
 Bobbins case
 
 charged murder in the first degree by administering poison. The facts disclosed that the administration of the poison was for the sole purpose of causing an abortion, and this was the intent of the accused , and also of the person who took the poison and died. The court’s charge, in the
 
 Robbins case,
 
 found of pages 167, 190 and 191, was, in part, as follows :
 

 “ ‘In most cases of murder in the first degree, it is necessary to establish, by proof, beyond a reasonable •doubt, the fact of killing,
 
 the intent to hill,
 
 and the deliberate and premeditated malice; but,
 
 on such an indictment as this, in order to find the defendant guilty of murder in the first degree, it is not necessary that ■the defendant at any time have intended to hill Nancy Holly
 
 * * V
 

 *
 
 * if the accused administered the poison to . Nancy Holly of which she died, with a knowledge of its poisonous or deadly quality, and with intent not to kill her, but to produce an abortion, or destroy a child ■of which she was pregnant at the time, this would be ■sufficient to constitute murder in the first degree.”
 

 This court held there was error in that charge and remanded the cause for further proceedings.
 

 In the instant ease, the state concedes that in order to warrant a conviction of murder in the first degree, the element of purpose and intent to kill must be established beyond a reasonable doubt; and agrees that, because of the error in the court’s charge in the
 
 Robbins case,
 
 this court very properly reversed the judgment of the trial court there and remanded the ease for further proceedings.
 

 The
 
 Robbins case
 
 is distinguishable from the instant case. That case does not sustain Salter’s contention because the question there raised is not involved in the instant case. Here, no instructions to a jury were involved. The trial judges sitting as judge
 
 *268
 
 and jury heard the evidence, found the defendant guilty, and in so doing found all the necessary elements, including intent to kill, to have been proved beyond a reasonable doubt.
 

 Section 12400, General Code,
 
 supra,
 
 sets out three types of situations where a homicide constitutes murder in the first degree. (1) Where committed purposely and with deliberate and premeditated malice; (2) where committed purposely and by means of poison; and (3) where committed purposely and in perpetrating, or attempting to perpetrate, rape, arson, robbery or burglary.
 

 What does the phrase “purposely * * * kills” mean as used in Section 12400, General Code? Does it mean that it must be directly and positively proved that Salter, as he pursued the gratification of his lust as his main design, had the thought that “I am going to kill Barbara Dunn.” We do not think so.
 

 Intent is a mental phenomenon, and in order to determine whether an intent to do a certain act existed, the circumstances surrounding the act must be examined and the intent determined therefrom. In the case of
 
 State
 
 v.
 
 Huffman,
 
 131 Ohio St., 27, 1 N. E. (2d), 313, paragraph four of the syllabus reads as follows:
 

 “The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony, of a third person and it need not be. It' must be gathered from the surrounding facts and circumstances under proper instructions from the court. ’ ’
 

 Salter, in order to perpetrate rape, administered a known poison, from a bottle so labeled, which caused the death of Barbara Dunn; but he contends that all he intended was to produce a state of anesthesia that he might accomplish his assault, and that he did not intend to kill. Can he be said not to have had the intent to Mil Barbara when he knowingly and purposely
 
 *269
 
 used chloroform, knowing as he did that it was poison and that death might ensue from its use? We do not think so.
 

 From such circumstances and from the intent to do the act which resulted in the death, the intent to kill which is contemplated in. Section 12400, General Code, may be established beyond a reasonable doubt.
 

 The rule might be stated thus: In a prosecution under Section 12400, General Code, where the proof establishes beyond reasonable doubt that the accused, in the perpetration of rape, intentionally administered poison knowing it to be such and death resulted therefrom, such accused may be found guilty of murder in the first degree.
 

 Numerous other errors are urged by Salter. We have carefully examined these alleged errors and have found none prejudicial to Salter. He has had a fair trial, and since the trial judges, without the intervention of a jury, determined the factual issues, including the purpose or intent of Salter to kill in the commission of a rape, which judgment was affirmed by the Court of Appeals, it is our opinion that the judgment of the Court of Appeals should be and it hereby is affirmed. ,
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner and Zimmerman, JJ., concur.
 

 Stewart, J., concurs in the judgment.
 

 Matthias and Hart, JJ., dissent.