THE STATE OF OHIO, APPELLEE, *v.* CRON, APPELLANT.

[Cite as State v. Cron, 14 Ohio App. 2d 76.]

(No. 239—Decided July 26, 1967.)

*Mr. Thomas S. DeLay,* prosecuting attorney, for appellee.

*Mr. Roy J. Gilliland* and *Mr. Joseph Oths,* for appellant.

GRAY, J. (Presiding.) This case is an appeal from a judgment of the Common Pleas Court of Jackson County wherein defendant was found guilty of a felony murder, and mercy was extended by the jury.

Defendant, feeling aggrieved by this judgment, appealed to this court on questions of law and assigned the following errors:

"1. That the defendant was deprived of his constitutional rights and his rights under the statutes of Ohio, particularly Revised Code Section 2935.14, prior to trial, by being denied facilities to communicate with an attorney at law of his choice, or a relative for the purpose of obtaining counsel, and by being removed from the county of initial detention [Lawrence County] without being afforded the opportunity to confer with counsel.

"2. That the defendant was deprived of his rights under the Constitutions of the United States and of the state of Ohio by being detained and held for a period of five (5) days, without bond, and without being formally charged with any offense.

"3. That the defendant was deprived of his rights under the Constitutions of the United States and of the

state of Ohio in that he was held, prior to being formally charged, solely for the purpose of interrogation.

"4. That the trial court erred in failing to release the defendant upon his petition in habeas corpus.

"5. That the trial court committed an error of law in overruling the defendant's motion to quash the indictment in this case.

"6. That the trial court committed an error of law in overruling defendant's motion for dismissal, for the reason that the prosecuting attorney had failed to supply a bill of particulars seasonably requested.

"7. That the trial court committed an error of law in overruling defendant's motion for a continuance for time to inspect a bill of particulars tendered by the prosecuting attorney after trial of the cause had begun.

"8. That the trial court committed an error of law in overruling defendant's challenge to the array.

"9. That the trial court committed an error of law in overruling defendant's several motions to suppress illegally obtained evidence and defendant's alleged 'confession,' which was obtained illegally.

"10. That the trial court committed an error of law in overruling defendant's motion for a mistrial, based upon improper and highly prejudicial remarks made by said court upon the examination of a prospective Juror, to-wit: one James Stiffler.

"11. That the trial court committed an error of law in overruling defendant's motion for a mistrial, based upon the fact that the jury was allowed to view the defendant while he was bound in handcuffs.

"12. That the trial court committed an error of law in refusing defendant the opportunity to have the question of voluntariness of an alleged 'confession' determined in the presence of the jury.

"13. That the trial court committed an error of law in overruling the defendant's several motions to suppress the alleged 'confession' on the ground that it was involuntary.

"14. That the trial court committed errors of law

in admitting state's exhibits consisting of nineteen color slides and one large black and white photograph, inasmuch as those exhibits were highly inflammatory and prejudicial in nature.

"15. That the trial court, in its general charge, committed grave errors of law in referring to the alleged 'confession' in relating to the jury that the 'confession,' if corroborated, and even though given involuntarily, would be entitled to weight.

"16. That the trial court committed an error of law in refusing to submit to the jury defendant's requested special instruction on the law regarding 'abandonment of purpose.'

"17. That the trial court committed an error of law in overruling defendant's motion for a dismissal made at the close of the state's case.

"18. That the trial court committed an error of law in overruling defendant's motion for a directed verdict at the close of all the evidence in the cause.

"19. For all other errors connected with the matters preliminary to trial and occurring at the trial itself to which defendant has objected, as will appear from the bill of exceptions."

The record shows that the defendant, Alice Marie Evans and James Whitt met in Ironton, Ohio, and plotted the robbery of Henry Hall. They were looking for some "easy money." Evans drove the three to the residence of Hall near Oak Hill in Jackson County, where the robbery murder was committed. Evans was related by marriage to Mrs. Hall and had been at the Hall home on previous occasions. Evans had purchased a tablet and pencil which defendant and Whitt were to use as ruses to gain entrance to the Hall home. Whitt and defendant posed as insurance agents.

Entry to the Hall home was gained by defendant and Whitt. Whitt and defendant committed robbery upon Hall. Hall was brutally beaten before and during the robbery and, while dying, was placed upon his bed, covered with lard and set afire. Whitt and defendant robbed him of $410,

plus watches, jewelry, a revolver and other articles. Evans was cruising in Cron's car on the road in front of the house. She picked them up after the robbery and drove them to Ironton. On the way, the loot from the robbery was divided among the three participants.

Defendant claims the following prejudicial errors:.

"No. 1 is that his arrest was unlawful and therefore he should be set free."

*Dowell* v. *Maxwell, Warden*, 174 Ohio St. 289, at page 290, says:

" * * * Any defect or irregularity in either the arrest or preliminary examination does not affect the validity of the accused's conviction. [citing cases] * * *."

This assignment of error is, therefore, not well taken.

Upon the same authority we hold that assignment of error No. 2 is not well taken.

In assignment of error No. 3, defendant claims his constitutional rights were violated. He was apprehended in Lawrence County and immediately handed over to the Jackson County authorities. He complains of his treatment in jail in Jackson. While it wasn't a plush establishment by any means, there was no abuse of defendant in any way. See assignment of error No. 13 for an analysis of the facts surrounding his arrest and incarceration.

His interrogation by the police lasted about 2½ hours. He talked willingly to the police and offered to give additional information if anything further occurred to him.

Defendant further claims that his constitutional rights were violated in that the rules enunciated in *Escobedo* v. *Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, and in *Miranda* v. *Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, were not followed. *Escobedo* stands for the proposition, among others, that constitutional rights of a defendant in a criminal case are violated when a defendant asks for a lawyer and his request is denied, when a lawyer is readily available.

*Miranda* does not apply because this present case was tried before June 1966. See *Johnson* v. *New Jersey*, 384 U.

S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772. This assignment of error is overruled.

Defendant has interjected a separate proceeding in this appeal in assignment of error No. 4.

Habeas corpus is generally not available as long as the matter can be litigated on direct appeal. On the other hand, if defendant had any basis for a habeas corpus proceeding in the first place and prejudicial error intervened, a direct appeal in the habeas corpus proceeding should have been taken. An appeal in the habeas corpus action cannot be combined with this appeal. See *Buck* v. *Maxwell, Warden,* 173 Ohio St. 394; *Boynton* v. *Sacks, Warden,* 173 Ohio St. 526; and 26 Ohio Jurisprudence 2d 545 *et seq.,* Habeas Corpus.

In assignment of error No. 5, defendant contends that when the indictment was endorsed by the foreman of the grand jury a presumption was made that the preliminary arraignment was valid. Defendant contends that some aspects of the arraignment were invalid proceedings. This is an erroneous assumption. The indictment by the grand jury is a new proceeding. Defendant was tried on the indictment and his plea thereto. His preliminary arraignment had nothing to do with his trial in the Common Pleas Court. This assignment of error is without merit.

In assignment of error No. 6, defendant claims that he was prejudiced in that the prosecution did not timely file a bill of particulars when requested to do so. The bill of particulars was filed on the day the trial began.

Defendant is entitled to a bill of particulars only when the particular facts of the case warrant it.

In *Foutty* v. *Maxwell, Warden,* 174 Ohio St. 35, at page 38, the court said:

"The basic purpose of the bill of particulars is not to reveal the state's evidence but simply to state specifically the nature of the offense charged. * * *"

We think the indictment fully advised defendant of the crime with which he was charged. In *Foutty* v. *Maxwell, Warden,* 174 Ohio St. 35, defendant was charged with

killing another in the perpetration of a robbery. The court said at page 38:

"Here, the indictment clearly informed the petitioner of the crime with which he was charged—the basic purpose of an indictment. * * *"

The wording of the indictment in *Foutty* is the same as in the present case.

In *State* v. *DeRighter,* 145 Ohio St. 552, in the course of the opinion, at page 556, it is said:

"Hence, it is clear that the purpose of a bill of particulars is not to disclose the state's evidence but simply to state specifically the nature of the offense charged. When this is stated in the indictment the accused is entitled to no bill of particulars * * *."

In *Boynton* v. *Sacks, Warden,* 173 Ohio St. 526, at page 529, the court said:

"The purpose of an indictment is to inform the accused of the nature of the offense with which he is charged. *Holt* v. *State,* 107 Ohio St. 307. If the indictment does this then the court does not abuse its discretion in failing to order a bill of particulars. With these rules in mind we will now consider the counts in the indictment.

"* * * Clearly, this count informed the petitioner of the specific nature of the offense charged, and failure to furnish him with a bill of particulars would not constitute prejudicial error even on an appeal."

In the light of the above authority we cannot say that it affirmatively appears from the record that the accused was prejudiced by error or prevented from having a fair trial. *State* v. *Petro,* 148 Ohio St. 473.

Assignment of error No. 8 claims that defendant was prejudiced by the court's overruling defendant's challenge to the array. This claim was made on the basis that defendant was not given a jury list three days before trial.

This matter was argued to the court before trial. The record shows the following statement made by the trial judge:

"Well, first of all, a venire was drawn and, as I recall, the attorney for the defendant was present and copied

down the names of the jurors as they were drawn from the wheel.''

Defense counsel did not answer this statement but only said he stood on his motion. There was no denial of the trial judge's statement on the part of defense counsel. The record shows that the venire was drawn 15 days before trial, so defendant's counsel and defendant had the jury list 15 days when the law requires only 3 days.

Defense counsel and defendant do not claim they did not have a list or that the list was incorrect in any way, but that, even though they had the list as soon as anyone else, they still wanted to be served with a jury list. We are asked to hold that such failure resulted in prejudicial error. This we are unwilling to do. Where the record shows that defendant had a jury list 15 days before trial he has not been prejudiced by failure on the part of the proper official to serve him with an additional copy of the same jury list three days before trial. There was no prejudice here, and defendant was not prevented from having a fair trial. Defendant has been unable to show anything to the contrary.

Assignment of error No. 9. This assignment is disposed of in the court's opinion on assignment of error No. 13.

Assignment of error No. 11 complains of the fact that the jury was permitted to view defendant in handcuffs. This is a matter within the discretion of the trial court. We find no abuse thereof. *Odell* v. *Hudspeth*, 189 F. 2d 300.

Assignment of error No. 12 is without merit. The voluntariness of the confession was presented first to the court in the absence of the jury, and then defendant was permitted to present the facts and circumstances surrounding the giving of the confession to the jury. See opinion in relation to assignment of error No. 13.

Assignment of error No. 13 states that the trial court first heard evidence as to the voluntariness of the defendant's confession. The court ruled that the confession was voluntary and that defendant could, at the appropriate time, introduce evidence to the jury showing the circum-

stances surrounding the giving of the confession by defendant. This was done by defendant. The same evidence was presented by the defendant in the presence of the jury concerning the voluntariness of the confession as was presented to the court in the absence of the jury at a prior time during the trial.

The trial court properly followed the rule laid down in *Jackson* v. *Denno,* 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A. L. R. 3d 1205. The court would have committed prejudicial error had it done otherwise.

We agree with the court's decision admitting the confession as voluntary.

The operative facts advanced that defendant didn't give a voluntary confession are: that he did not have enough to eat; that he took some seconal; that he did not get any rest sleeping on a steel bunk in the city jail; that he has a low I. Q.; and that his back hurt. Let us look at the record. He was placed in the jail after supper time the first day. If he hadn't eaten that day, it was not the fault of the jailors. He did not have lunch the next day, but he had something to eat the other two meals. The jail bed was probably uncomfortable, but no one can say that that made his confession involuntary.

He claims he took seconal which caused him to be sleepy and drowsy and that he didn't remember what he was saying when he was giving the confession. The confession he gave squared with the evidence introduced from other sources concerning the robbery murder. Cron volunteered the following statement at the end of his confession:

"Yes sir and if I think of anything else I will let you know."

He claims a low I. Q. This is in relation to formal education. He took very good care of himself throughout the trial, as did both his co-conspirators. Cron went through the eighth grade, Whitt through the fourth grade, and Evans through the seventh grade. Each must have been endowed with native talent. Cron and Whitt laid the actual killing on each other.

Cron was smart enough to be a sergeant in the army, with thirty men under his command.

Nothing indicates that his confession was involuntary. This assignment of error is not well taken.

The defendant claims in assignment of error No. 14 that it was error to permit the jury to view the slide pictures of the victim. This matter rests within the sound discretion of the court. This discretion was not abused. 27 Ohio Jurisprudence 2d 681, Homicide, Section 139; 159 A. L. R. 1413; 73 A. L. R. 2d 769; State v. Farley, 112 Ohio App. 448.

Coming now to consider assignment of error No. 15, this court holds it is not well taken. The trial court followed the rule enunciated in Jackson v. Denno, 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A. L. R. 3d 1205, in first finding, in the absence of the jury, that the confession was voluntary as a matter of law. Then the court submitted the issue of the credibility and weight to be given the confession to the jury. This was the proper, and the only, procedure open to the trial court in the light of Jackson v. Denno, 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A. L. R. 3d 1205.

Defendant has lifted a part of the court's charge out of context of the whole charge and has based this assignment of error on this fact. When we consider the trial court's charge on this issue as a whole, we find no error prejudicial to the defendant.

In assignment of error No. 16, defendant claims that he was prejudiced in that the trial court refused the special charge on abandonment of purpose. We hold that the trial court properly refused this special charge before argument, in that the evidence shows that defendant did not abandon his purpose. He took, among other actions on his part, the removal of several articles when he left the victim's home, did not call any help for the victim and left him there to die alone and unattended after he had been brutally beaten and set afire. Defendant fled from the scene of the murder and, while returning to Ironton, divided the loot from the robbery with his two co-conspirators. It would be a travesty upon the law to charge the jury on abandonment of purpose on this state of the record.

His flight from the scene of the crime exhibited *mens rea.*

"Flight from justice, and its analogous conduct, has always been deemed indicative of a consciousness of guilt. * * *

"It is to-day universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." II Wigmore on Evidence (3d Ed.) 111, Section 276, and cases cited.

We have considered the other errors assigned and find none well taken.

As stated in *State* v. *Petro*, 148 Ohio St. 473, the judgment against the accused must be affirmed unless the reviewing court finds that it appears affirmatively from the record that the accused was prejudiced by error or prevented from having a fair trial. There was no prejudicial error, and he received a fair trial. He was not entitled to a perfect trial. *Lutwak* v. *United States*, 344 U. S. 604.

Therefore, the judgment is affirmed.

*Judgment affirmed.*

ABELE and RUTHERFORD, JJ., concur.

RUTHERFORD, J., of the Fifth Appellate District, sitting by designation in the Fourth Appellate District.