The State of Ohio, Appellee, *v.* Fugate, Appellant.

(No. 3905—Decided January 18, 1973.)

Appeal: Court of Appeals for Montgomery County.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Walter Dodsworth,* for appellee.
*Mr. James E. Cross,* for appellant.

Kerns, J. The defendant, Herbert Lee Fugate, appellant herein, was tried by a jury and convicted of armed robbery and first degree murder. From the judgment and sentence thereupon entered by the Court of Common Pleas of Montgomery County, Fugate has perfected an appeal to this court.

On April 15, 1971, the appellant entered the Point Garage located at the intersection of Hamilton and McLain Streets with a loaded sixteen-guage shotgun. In the process of robbing the owner of the garage, Sylvester Leingang, Fugate struck him on two different occasions with the barrel of the shotgun, causing severe head wounds. He then ordered his victim, Mr. Leingang, into the basement of the garage where he shot and killed him.

At the time of the robbery and killing, Fugate was 19 years of age, weighed approximately 175, and was over 6

feet tall. The decedent was 66 years of age. The fatal wound extended laterally from the left rear toward the right front of the body of Leingang.

The first assignment of error is based upon the proposition that the killing was not done "purposely" as required by R. C. 2901.01, and in support of this alleged error the appellant has alluded to a number of cases which show that an intent to kill is essential to a conviction for first degree murder. The cited cases have little more than academic interest in this case unless the jury was required to accept the testimony of Fugate that the shooting was accidental to the exclusion of all other evidence presented at the trial.

But the jury was not so limited in its consideration of the evidence. The element of intent may be, and usually is, determined from attendant circumstances, and the composite picture developed by the evidence in this case is particularly suited to a reasonable finding that the killing was done purposely. As stated in *State* v. *Salter,* 149 Ohio St. 264, at 268: "intent is a mental phenomenon, and in order to determine whether an intent to do a certain act existed, the circumstances surrounding the act must be examined and the intent determined therefrom." Or as set forth in paragraph four of the syllabus in *State* v. *Huffman,* 131 Ohio St. 27: "The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person and it need not be. * * *"

"It is the law of Ohio that an intent to kill may be presumed where the natural and probable consequence of a wrongful act is to produce death, and such intent may be deduced from all the surrounding circumstances, including the instrument used to produce death, and the manner of inflicting a fatal wound." *State* v. *Esherick,* 19 Ohio App. 2d 40, 42. See, also, *State* v. *Robinson,* 161 Ohio St. 213, 218.

In the present case, the evidence, and the inferences reasonably deducible therefrom, amply support the jury findings as to every essential element of the crime. The first assignment of error is overruled.

The second assignment of error claims prejudice from the introduction of photographs of the body of the victim and from the explanatory testimony of the coroner. In this particular case, the photographs and explanatory testimony tend to rebut the testimony of Fugate, and in all cases, the admissibility of such evidence is a matter within the discretion of the trial court. *State* v. *Cron,* 14 Ohio App. 2d 76.

Ordinarily, slides or photographs showing the corpse of a murder victim are admissible if shown to be accurate reproductions and illustrative of verbal testimony. Annotation, 53 A. L. R. 2d 1102. In the case of *State* v. *Woodards,* 6 Ohio St. 2d 14, 24, the Supreme Court of Ohio commented upon the admission of fifteen color slides, as follows:

"The rule is well settled that photographs and color transparencies are not objectionable so long as they are properly identified, are relevant and competent and are accurate representations of the scene which they purport to portray. Indeed, photographs frequently convey information to the court and jury more accurately than words. *Oliver* v. *State,* 225 Ark. 809, 286 S. W. 2d 17; *Vaca* v. *State,* 150 Neb. 516, 34 N. W. 2d 873.

"Although a photograph may be rendered inadmissible by its inflammatory nature, the mere fact that it is gruesome or horrendous is not sufficient to render it inadmissible if the trial court, in the exercise of its discretion, feels that it would prove useful to the jury. *People* v. *Brubaker,* 53 Cal. 2d 37, 346 P. 2d 8. *People* v. *Jenko,* 410 Ill. 478, 102 N. E. 2d 783; *Commonwealth* v. *Novak,* 395 Pa. 199, 150 A. 2d 102."

The same rule was applied by this court in affirming a judgment and sentence for second degree murder in the case of *State* v. *Farley,* 112 Ohio App. 448. See, also, *State* v. *McClellen,* 6 Ohio App. 2d 155; *State* v. *Viola,* 51 Ohio Law Abs. 577. The second assignment of error must therefore be overruled.

The third assignment of error questions the admissibility of statements taken by the investigating officers while Fugate was confined in jail in Knoxville, Tennessee.

In support of this assignment of error, the appellant has submitted the following argument:

"The statements offered nothing to the trial of the issues. Most of the facts admitted were also stipulated by the defense prior to trial. The admission of the statements was highly prejudicial insofar as they were accumulative and only offered for their shock value. The statements were not probative as to the issue of intent and were therefore superfluous."

We construe this argument as an admission that the appellant was not denied his constitutional rights, and this being so, the evidence was admissible. Indeed, almost all of the evidence presented after the opening statements and admissions in this case was cumulative to some extent, but it does not necessarily follow that the evidence was inadmissible for that reason alone. Furthermore, it is doubtful that the statements added much "shock value" to the initial shock suggested by the undisputed facts and circumstances of the case. The third assignment of error is without merit and will be overruled.

The fourth assignment of error urges that the trial judge was prejudiced against the defendant "by reason of her complete and utter disgust with the circumstances of the killing." However, we note that defense counsel, from his subjective position, has described the actions of Fugate as "brutal and unfair." Hence, the objective view of the jury is wholly understandable. A reviewing court is not permitted to reverse a judgment of conviction "unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial." R. C. 2945.83. The fourth assignment of error is overruled.

We find no prejudicial error in the record, and the judgment of the Court of Common Pleas will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.