OPINION
Defendant-appellant, Dimitri Hubbard, appeals from a judgment of the Butler County Juvenile Court finding him to be a delinquent child.
On October 18, 1995, appellant, a fourteen-year-old juvenile, was charged with murder in violation of R.C. 2903.02, an act which if committed by an adult would constitute a first-degree felony, and felonious assault in violation of R.C. 2903.11, an act which if committed by an adult would constitute a second-degree felony. Prior to a final hearing before the trial court, appellant moved to suppress a statement he had made to the police. The trial court denied appellant's motion on November 20, 1995.
Appellant's final hearing commenced on January 11, 1996. The evidence revealed that Germaine Thompson was involved in an altercation with the younger brother of Rico King, a cousin of appellant, on October, 17, 1995. During the evening of October 17, 1995, King, appellant, and another juvenile went to Germaine's residence on 12th Street in Hamilton, Ohio. According to the statement appellant gave police, King asked appellant to go with him because he knew that appellant was "the craziest one" and appellant could "take care of problems."
When they arrived at 12th Street, Germaine and his brother, Corey Thompson, were standing by their car talking to a neighbor. King confronted Germaine about the altercation with his younger brother. When the verbal argument began to escalate, Germaine removed his coat because it appeared that he and King were going to fight. Appellant then asked whether either of the Thompsons were carrying a gun. Germaine lifted up his shirt to show appellant that he did not have a gun, and according to Germaine's testimony, Corey also informed appellant he did not have a gun. Shortly thereafter, appellant pulled a gun from his coat pocket and fired from three to five shots at Corey and Germaine. Germaine was injured by a bullet that struck him in the wrist area. Corey was killed by a bullet that struck him in the head.
Hamilton Police Department Detective James Nugent testified that appellant was arrested on October 18, 1995. After he was advised of his Miranda rights,[1] appellant agreed to answer questions without the presence of a lawyer or his mother. At the conclusion of the questioning, appellant signed a voluntary statement in which he confessed to the shooting.
At the close of the evidence, the court found appellant delinquent by reason of committing the offenses of murder and felonious assault. Appellant was committed to the Ohio Department of Youth Services until the age of twenty-one. On appeal, appellant raises the following three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING THAT HE HAD COMMITTED THE OFFENSE OF MURDER.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FINDING THAT THE APPELLANT DID NOT PROVE THE AFFIRMATIVE DEFENSE OF SELF DEFENSE TO THE CHARGE OF DELINQUENCY BY REASON OF COMMITTING MURDER.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY OVERRULING HIS MOTION TO SUPPRESS HIS STATEMENT TO THE HAMILTON POLICE DEPARTMENT.
In his first assignment of error, appellant argues that the trial court's determination that he had committed murder was against the manifest weight of the evidence. In particular, appellant asserts that the evidence was insufficient to prove that appellant purposely caused the death of Corey Thompson.
A trial court may enter a finding of delinquency where there is proof beyond a reasonable doubt that the child committed an act which would have constituted a crime if committed by an adult. R.C. 2151.35(A); Juv.R. 29(E)(4). Therefore, the standard of review we must apply to determine whether a trial court's delinquency adjudication is against the manifest weight of the evidence is the same as that for a criminal conviction. See In re Watson (1989), 47 Ohio St.3d 86, 91; In the Matter of: Brayden Dooley (May 31, 1994), Butler App. No. CA93-09-178, unreported.
A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proved beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56,59. The weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In order to sustain a charge of murder, the state must prove beyond a reasonable doubt that the accused purposely caused the death of another. R.C. 2903.02. A person acts purposely when it is his specific intention to cause a certain result. R.C.2901.22(A). Purpose or intent can be established by circumstantial evidence. State v. Jenks (1991), 61 Ohio St.3d 259,272; State v. Shue (1994), 97 Ohio App.3d 459, 466. Purpose may also be inferred from all of the surrounding circumstances such as the instrument used and the manner of inflicting the fatal wound. State v. Robinson (1954), 161 Ohio St. 213; State v. Fugate (1973), 36 Ohio App.2d 131. Finally, the element of purpose may be presumed where the natural and probable consequence of a wrongful act is to produce death. State v. Thompson (1977), 55 Ohio App.2d 17; State v. Grace (Oct. 11, 1995), Summit App. No. 16950, unreported.
In the present case, the testimony of the witnesses and appellant's statement to the police provided sufficient circumstantial evidence to support the trial court's determination that appellant purposely caused the death of Corey Thompson. During a confrontation and argument, appellant pulled a gun from his coat pocket and shot three to five times at Corey and Germaine. Certainly, the trial court could infer from these circumstances that appellant purposely caused the death of Corey Thompson. Likewise, death was a natural and probable consequence of appellant's actions. Therefore, appellant's conviction was supported by substantial credible evidence. Appellant's first assignment of error is accordingly overruled.
In his second assignment of error, appellant argues that the trial court erred in not finding that appellant acted in selfdefense. To prove self-defense, a defendant must show: (1) that the defendant was not at fault in creating the situation which gave rise to the offense; (2) that the defendant had a bona-fide belief that there was an imminent danger of death or great bodily harm and that the only avenue of escape was by use of force; and (3) that the defendant did not violate any duty to retreat to avoid the danger. State v. Jackson (1986), 22 Ohio St.3d 281
283, certiorari denied (1987), 480 U.S. 917,107 S.Ct. 1370. Since self-defense is an affirmative defense, the defendant has the burden of proving each element by a preponderance of the evidence. Id. at 284. Thus, in reviewing the finding of the trial court, the standard is whether reasonable minds could differ that self-defense was established by a preponderance of the evidence. State v. Melchior (1978), 56 Ohio St.2d 15.
After reviewing the record, we conclude that appellant failed to prove any of the elements of self-defense. First, the evidence shows that appellant created the situation which gave rise to the murder by walking to the Thompson residence to confront Germaine. Second, appellant has not shown by a preponderance of the evidence that he had a fear of imminent death or great bodily harm. There is no evidence that Corey and Germaine were carrying guns or acted in a manner that would cause appellant to fear imminent death or great bodily harm. Appellant only started shooting after Corey and Germaine indicated they did not have any guns. Finally, appellant has failed to show that his only means of escape was through the use of force or that he ever attempted to retreat. There is no evidence that appellant was prevented from walking away from the argument. In fact, Germaine testified that he thought the argument was finished since appellant started to walk away before he turned around and started shooting. Since the evidence does not support a finding that appellant was acting in self-defense, appellant's second assignment of error is overruled.
In his third assignment of error, appellant states that the trial court erred in denying his motion to suppress the statement he made to the police. In determining whether a juvenile's confession has been voluntarily given, courts should consider the totality of the circumstances, including the age, mentality and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; and the existence of physical deprivation or inducement. Watson, 47 Ohio St.3d at 89-90; In Re: Duane Marquis Seymore (Oct. 28, 1996), Butler App. No. CA95-11-204, unreported. The Ohio Supreme Court has explicitly rejected the "independent advice/interested adult" standard adopted in some states requiring that both parents and children must waive the minor's constitutional rights before he makes a statement to police. Id.
After reviewing the totality of the circumstances surrounding appellant's confession, we find that the confession was voluntarily given after appellant knowingly and intelligently waived his right to counsel and his right to remain silent. Appellant, fourteen years old, is literate and there is no evidence in the record that he is mentally impaired. Further, the record indicates that appellant had experience with police and the criminal process since he had been arrested on other occasions.
Detective Nugent also testified that after appellant was taken into custody on October 18, 1995, he advised appellant of his Miranda rights and reviewed the rights with appellant to make sure that he understood them. Appellant then signed a Miranda warning card acknowledging as much. After the police typed appellant's voluntary statement, appellant read it, initialed corrections, and signed it. This voluntary statement also contained language indicating that appellant had been advised of his rights, that he understood them, and that the voluntary statement was his own. Further, the entire questioning of appellant was completed in just one and one-half hours and appellant never asked to speak with an attorney or his mother. Finally, the record contains no evidence of physical deprivation, mistreatment or threatening behavior by police.
Considering the above circumstances, we find that the trial court did not err in denying appellant's motion to suppress. Appellant's third assignment of error is accordingly overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] See Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602.