The decree may be drawn in favor of the plaintiff.

*Judgment for plaintiff.*

METCALFE and FARR, JJ., concur.

---

· FURMAN *v.* THE STATE OF OHIO.

*Criminal law — Arson — Burning insured property — Indictment defective, when — Failure to allege ownership — Grand jury — Membership not fixed by law — Since amendment of Section 10, Article I, Constitution, 1912.*

1. An indictment under Section 12434, General Code, for burning property with intent to prejudice the insurer, must contain a clear and positive charge of some ownership in the building by the defendant, and an indictment is insufficient which merely identifies the building and alleges that it was insured by the defendant in several named insurance companies.

2. The fact that the general assembly has not passed a law fixing the number of persons necessary to constitute a grand jury since the adoption in 1912 of the amendment to Section 10, Article I, of the Constitution of Ohio, does not render void an indictment returned subsequent to that date.

(Decided December 20, 1918.)

ERROR:   Court of Appeals for Warren county.

*Mr. Milton Clark,* for plaintiff in error.

*Mr. Dean E. Stanley,* prosecuting attorney; *Mr. Joseph McGhee,* attorney general, and *Mr. Russell M. Knepper,* assistant attorney general, for defendant in error.

JONES, P. J.   Plaintiff in error was indicted by the grand jury of Warren county for the burning of a building known as the Ownly Hotel Building,

with intent to prejudice the insurers. The language of the indictment charged:

"That Ownly Furman, late of said County, on the 8th day of March in the year of Our Lord One Thousand Nine Hundred and Eighteen, at the County of Warren aforesaid, did unlawfully, willfully and maliciously set fire to a certain building situate in Lebanon, Warren County, Ohio, and known as the Ownly Hotel Building, of the value of more than Fifty Dollars, to-wit, of the value of Fifteen Thousand Dollars, with intent thereby then and there to burn said building, to-wit, said Ownly Hotel Building, and with intent in so doing to prejudice, damage and defraud each and all of the insurers of said building, to-wit."

Then the names of a number of insurance companies were set out, and the indictment proceeded:

"Which said building, to-wit, said Ownly Hotel Building, was then and there insured against loss or damage by fire unto the said Ownly Furman and unto The Peoples Building, Loan and Savings Company of Lebanon, Ohio, mortgagee of said property as its interest might appear in the sum of Two Thousand Dollars by the said Fidelity-Phenix Fire Insurance Company of New York, by a contract and policy of insurance therefor duly executed by and between said Fidelity-Phenix Fire Insurance Company of New York and the said Ownly Furman."

Then followed similar statements in detail as to each of the other nine insurance companies, and the indictment continued:

"Each and all of said contracts and policies of insurance executed as aforesaid, having been exe-

cuted on the 8th day of February in the year of Our Lord One Thousand Nine Hundred and Eighteen, and each and all of said contracts and policies as aforesaid being for the term of one year from said date, contrary to the statute in such case made and provided and against the peace and dignity of the State of Ohio."

A motion to quash the indictment was filed upon the following grounds:

First. The grand jury that returned said indictment was not selected, drawn or impaneled according to law and had no authority in the premises; and,

Second. For the reason that the body that returned said indictment was not in fact a grand jury and was not selected, appointed or qualified in accordance with any law of this state.

The motion was overruled.

A demurrer to the indictment was then filed, as follows:

"Defendant demurs to the indictment returned herein for the following reasons:

"First. That the body that returned said indictment into Court was not selected, drawn or impaneled according to law and was not in fact a Grand Jury.

"Second. That said indictment does not state facts which constitute on offense punishable under the laws of Ohio."

The demurrer was overruled, and defendant, upon being thereafter arraigned, entered a plea of not guilty, and a trial being had was convicted by the verdict of a jury. A motion was then filed in arrest of judgment, which was overruled.

A motion for a new trial was then made and overruled, and sentence entered.

Error is prosecuted here. The grounds relied upon are those covered by the demurrer to the indictment and the motion in arrest of judgment.

The first of these grounds is based upon the fact that no statute has been passed by the general assembly fixing the number of persons necessary to constitute a grand jury since the adoption in 1912 of the amendment to Section 10, Article I, of the Ohio Constitution.

This point is made and insisted upon, but has not been fully argued for the reason that it has already been raised in other cases in many of the trial courts of the state, and has been ruled upon adversely, but has not as yet, so far as we are advised, been passed upon by the supreme court. A discussion of the matter is found in the opinion of Patterson, J., in *State of Ohio* v. *Ross et al.,* 20 N. P., N. S., 369, which is approved by this court.

The second ground is that the indictment does not state facts which constitute an offense punishable under the laws of Ohio.

The crime of arson in this state is defined in the provisions of Section 12433, General Code. This makes it a felony to maliciously burn or attempt to burn a building, "the property of another person." To constitute an offense under this section the building must be the property of another.

Section 12434, General Code, provides a distinct offense, that of burning property with intent to prejudice the insurer. It is as follows:

"Whoever maliciously burns a dwelling-house, kitchen, smokehouse, shop, office, barn, stable, storehouse, warehouse, stillhouse, mill, pottery or other building of the value of fifty dollars or more, or goods, wares, merchandise or other chattels of the value of fifty dollars or more, being his own property and insured against loss or damage by fire, with intent to prejudice the insurer, shall be imprisoned in the penitentiary not more than twenty years."

The essential elements of the crime to be charged and proved against an offender are a malicious burning of a building which was of the value of fifty dollars, that was his own property and insured against loss or damage by fire, with intent to prejudice the insurer.

The indictment under examination in this case fails to contain any allegation as to the ownership of the hotel building, which defendant is charged with burning. It is not enough to say that it is sufficiently identified by naming it, and that there was but one such hotel in Lebanon by that name, nor can a charge of ownership in Ownly Furman be inferred because of the allegation that it was insured against loss or damage by fire unto him by the several different insurance companies in the several sums under their respective policies. There must be a clear and positive charge of some ownership in the building in the defendant to make out a case under the requirements of the statute.

The essential elements of an offense under this section are determined in *Jones* v. *The State,* 70 Ohio St., 36, from which it is apparent that the supreme court regards the ownership of some interest or

estate in the property burned as necessary to establish the offense.

The requisite averments of an indictment are thus stated in the syllabus of *Miller* v. *United States,* 133 Fed. Rep., 337:

"An indictment must allege the facts which constitute the offense charged so clearly that the court can determine upon inspection whether or not those facts will sustain a conviction under the law, so distinctly as to advise the accused of the charge he has to meet, so fully as to give him a fair opportunity to prepare his defense, and so particularly as to enable him to avail himself of a conviction or acquittal in defense of a second prosecution for the same offense."

Sanborn, J., in the opinion in this case, at page 341, says:

"Every man is presumed to be innocent until his guilt is established. When one is indicted for a serious offense, the presumption is that he is not guilty, and that he is ignorant of the supposed facts upon which the charge against him is founded. He is unable to secure and present the evidence in his defense—indeed, he is deprived of all reasonable opportunity to defend—unless the indictment clearly discloses the facts upon which the charge of the commission of the offense is based."

Our own supreme court in the case of *DuBrul* v. *The State,* 80 Ohio St., 52, has formulated the law in the following language:

"A criminal charge should be preferred with such certainty and precision as will reasonably apprise the party charged of that which he may expect to meet and be required to answer, and so

that the court and jury may know what they are to try and the court may determine without unreasonable difficulty what evidence is admissible; also that the record to be made will be sufficiently definite to make it clear of what the party has been put in jeopardy."

The indictment in this case having failed to contain any allegation of ownership in the building burned, no offense was charged under Section 12434, General Code, and it must be held fatally defective, notwithstanding our statute of jeofails, Section 13581, General Code; and in the opinion of this court the trial court erred in overruling the demurrer to the indictment, and in proceeding with the trial.

The judgment must therefore be reversed and the cause remanded with instructions to the trial court to sustain the demurrer to the indictment, and for such further proceedings as are authorized by law.

Judgment reversed with instructions to sustain demurrer to the indictment.

*Judgment reversed.*

HAMILTON and SHOHL, JJ., concur.