No. 301

BUTLER v. STATE

Ohio Appeals, 3rd Dist., Putnam Co.

No. 180. Decided Jan. 13, 1926

941. PRACTICE & PROCEDURE—Sec. 13753 GC. if not complied with, is not error, for such statute is directory and not mandatory.

1231. VENUE—Not necessary to prove at the beginning of a trial; but may be so proved at any time during trial.

480. EVIDENCE—1. In introducing evidence relative to rape, evidence need only be sufficient to prove beyond a reasonable doubt.

2. In a case of rape an uncorroborated accomplice's testimony is admissable in evidence.

629. INDICTMENT—Where there is a return of an indictment for a single offense and the state proves several offenses of a like nature, it must elect upon which it is prosecuting for conviction.

WARDEN, J.

This case was first heard in the Putnam Common Pleas and error was assigned to the Court of Appeals on the following grounds

1. Motion to strike from files petition in error, transcript, and bill of exceptions for reason that the state had not complied with 13753 GC.

2. That venue was not proven.

3. That there was a failure of proof of guilt beyond a reasonable doubt.

4. It was also claimed that the defendant, Beatrice Airsman, was an accomplice, and that conviction cannot be had on the unsupported testimony of an accomplice.

5. The bill shows that the state introduced evidence of other acts of fornication with Airsman and Butler requested that the State specify the act upon which the indictment was based. The Court of Appeals held:

1. The first ground is overruled because this section of the code is directory and not mandatory.

2. The Court permitted the state in the middle of the trial to call witnesses and at time venue was proven.

3. It is true that the testimony is not as clear as it might be, but Airsman speaks of intercourse several times in examination and also testified that Butler is the father of her child. This is sufficient evidence to show guilt beyond a reasonable doubt.

4. In this kind of a case it has been the law of Ohio that a conviction may be had on the unsupported testimony of an accomplice, 10 OS. 288.

5. The court erred in not allowing Butler to have an election.

(a) Upon a trial under an indictment containing but a single count, - - - - the prosecution should be so restricted as to prevent the care from going to the jury upon evidence of more than one transaction. 27 OS. 663.

(b) The state, on proving similar crimes happening on and about the same time, must make at the end of its evidence, an election as to the one crime it is relying on for conviction. 84 OS. 360, pp. 365.

Judgment reversed and cause remanded.

Attorneys—A. H. Straman, Ottawa, and Chas. Veach, Kalida, for Butler; J. S. Ogan and H. M. Summers, Ottawa, for State.