THE STATE OF OHIO, APPELLEE, *v.* PHILLIPS, APPELLANT.

(No. 605—Decided February 5, 1951.)

*Mr. Herbert R. Freeman,* prosecuting attorney, for appellee.

*Messrs. Young & Young,* for appellant.

FESS, J.  Defendant appeals from a judgment entered upon a verdict of guilty of the crime of rape. The evidence is undisputed that the prosecuting witness, a 16-year-old girl, accompanied the defendant and another man (also indicted but not on trial) in the latter's automobile during the evening to a tavern known as the Seven Mile House located seven miles south of Sandusky. The men spent an hour or so in the tavern drinking beer and occasionally dancing until the place closed some time around midnight. The girl was in the tavern for a short period but had nothing to drink. She spent most of the time in the car waiting for the men. After leaving the Seven Mile House the men decided to go to another tavern at Milan. En route, the girl sat between the two men in the front seat, the defendant driving. Although upon a numbered highway leading to Milan, the defendant turned into an unimproved side road.

At this point the evidence is in dispute. The girl testified that, when she realized they were not returning to Sandusky and were in strange territory, she became frightened; that the older man had been petting her; that she pulled the keys out of the car and threw them upon the floor and screamed out of the window; and that the men took turns in raping her

and then got into a dispute outside the car as to who should take the next turn, during which dispute she got out of the car and ran down the road a short distance to a farm house.

The defendant testified that on the way to Milan he decided to take a short cut and in doing so got lost; that he woke up the owner of the car and asked him to drive; that while he and the owner were changing seats, the girl jumped out of the car and ran away; and that, after driving up and down the road in an effort to find her, they drove home to Sandusky.

The evidence is undisputed that the girl appeared at a farmhouse about 1:00 or 1:30 in the morning and inquired about the route to Sandusky. The farmer called a deputy sheriff who picked up the girl and took her home where she told her mother she had been raped. The deputy sheriff then took the girl and her mother to a doctor for examination. The physician found no bruises or laceration but took a specimen of fluid from her vaginal tract, which he sent to a hospital for analysis. The evidence is also undisputed that the defendant was brought to the sheriff's office by the police about 6:00 a. m., where he made a statement. The deputy sheriff testified that the defendant admitted that he had sexual intercourse with the girl but the deputy left a blank space concerning this item in the written statement which the defendant signed. The defendant admitted that he signed the statement but denied that he told the deputy he had sexual intercourse with the girl and also denied having had such intercourse. The owner of the car likewise denied having had intercourse with her.

A number of errors are assigned which we do not find prejudicial. One of the errors assigned, however, deserves some comment.

During the examination of the physician he said

that he took a specimen of fluid from the vaginal tract of the girl, which he sent to a hospital for analysis, and that shortly thereafter he received a report of the analysis which he identified and which was thereafter admitted in evidence as exhibit 2, over defendant's objection. The report, which was written in pencil, was read by the doctor to the jury. It disclosed that sperm cells, which the doctor said were male sex cells, were in the specimen.

Section 12102-23, General Code, provides:

"A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

The Uniform Evidence Act is included in Division VII of Title IV of Part Third of the General Code, which relates to procedure in the Common Pleas Court. The act is not included in Title II of Part Fourth relating to criminal law and procedure. The act makes no reference to the Code, and the section numbers were assigned by the Attorney General. (118 Ohio Laws, 662.) However, Section 13444-1, General Code, provides that the rules of evidence in civil causes, so far as they are applicable, shall govern in all criminal causes except as otherwise provided. *State* v. *Nevius,* 147 Ohio St., 263, 71 N. E. (2d), 258. The purpose of Section 12102-23 is to liberalize and broaden the shopbook rule, recognized at common law as an exception to the general rule excluding hearsay evidence, and to permit the admission of records regu-

larly kept in the course of business and incident thereto, and, as applied to hospital records, to avoid the necessity, expense, inconvenience, and sometimes the impossibility of calling as witnesses the attendants, nurses, and physicians who have collaborated to make the hospital record of a patient. *Weis* v. *Weis*, 147 Ohio St., 416, 425, 72 N. E. (2d), 245; *Green* v. *City of Cleveland,* 150 Ohio St., 441, 83 N. E. (2d), 63. It is hardly conceivable that a defendant in a criminal case will be deprived of a fair trial by the admission of a business record if the provisions of the statute are followed incident to the introduction of the record.

In the instant case, neither the custodian nor the person who made the analysis or report or under whose supervision it was made testified as to its identity and the mode of its preparation, as required by statute. Error was, therefore, committed in the admission of the report over objection.

However, no judgment of conviction may be reversed for the admission of any evidence offered against the accused unless it affirmatively appears on the record that the accused may have been prejudiced thereby. Section 13449-5, General Code. The report in question merely corroborated the girl's testimony. A review of the record indicates that the evidence, aside from the report erroneously admitted, fully supported the conviction of the defendant. Therefore, we are unable to find that the accused was prejudiced by the admission of the report. The judgment is affirmed.

*Judgment affirmed.*

Conn and Carpenter, JJ., concur.