THE STATE OF OHIO, APPELLEE, *v.* GINGELL, APPELLANT.

(No. C-810785—Decided October 27, 1982.)

Mr. *Simon L. Leis, Jr.*, prosecuting attorney, Mr. *Christian J. Schaefer* and Mr. *Thomas P. Longano*, for appellee.
Mr. *Hal R. Arenstein*, for appellant.

PALMER, P.J. Defendant-appellant, Ronald Gingell, was indicted on May 19, 1981, by a Hamilton County Grand Jury

on three counts of rape of a child less than thirteen years of age in violation of R.C. 2907.02(A)(3), for a series of incidents in which defendant was alleged to have engaged in sexual conduct, as defined in R.C. 2907.01(A), with his eight-year-old stepdaughter, Tracy. More particularly, count one of the indictment averred that during the period December 1, 1979 to May 31, 1980, defendant purposely compelled Tracy by force or threat of force to submit to sexual activity. Similarly, count two recited the identical offense, but averred that this offense occurred sometime between May 31 and September 30, 1980; and, finally, count three averred that the offending sexual activity was committed sometime between October 1, 1980 and February 3, 1981. In response to defendant's subsequent motion for a bill of particulars, the state further disclosed that the evidence at trial would demonstrate that the respective time periods set forth in each count corresponded to the times during which defendant lived at three separate residences, all within Hamilton County, and that at each such residence defendant purposely compelled his stepdaughter to submit to oral and vaginal intercourse, as well as certain other sexual contact.

Defendant's timely motion to dismiss the indictment on the grounds that the inexactitude in times and dates of the alleged offenses violated his constitutional rights to a fair trial by failing to provide adequate notice was overruled, and the cause proceeded to trial before the court upon his plea of not guilty.

Following an extensive voir dire examination of Tracy, the court concluded that she was competent to testify at trial, following which Tracy described on direct examination, credibly and graphically, several instances of sexual activity with defendant at each of the locations. For his part, defendant denied the accusations, stating specifically that he had never been in the bedroom of any of the residences alone with Tracy, a defense that was generally corroborated by defendant's wife. On rebuttal, the state presented the testimony of Tracy's seven-year-old brother who contradicted the testimony of defendant by asserting that defendant had, in fact, been in the bedroom with Tracy on several occasions at each residence while his mother was at work.

Following closing arguments, the court found defendant guilty of each count charged in the indictment, sentenced him to serve three consecutive terms of four to twenty-five years in the state penitentiary and entered judgment accordingly. From this judgment, defendant has taken this timely appeal in which he asserts two assignments of error.

In his first assignment of error, defendant contends that the judgment of the trial court was against the manifest weight of the evidence. In this regard, defendant challenges the verdict on the specific ground that it was based in large measure on the uncorroborated testimony of the child-victim. We disagree. In the first instance, there exists no requirement, statutory or otherwise, that a rape victim's testimony be corroborated as a condition precedent to conviction. See, e.g., State v. Tuttle (1903), 67 Ohio St. 440; Butler v. State (App. 1926), 4 Ohio Law Abs. 236; State v. Moore (C.P. 1956), 74 Ohio Law Abs. 116. Moreover, it is apparent that key circumstantial corroboration of the victim's evidence was in fact presented by the state in the testimony of the victim's younger brother. Thus, the record in the instant case clearly reveals that the court had before it substantial and credible evidence of probative value from which it could reasonably conclude beyond a reasonable doubt that defendant had, on three separate occasions, engaged in sexual conduct with a child under thirteen years of age, as charged in the indictment and in contravention of R.C. 2907.02(A)(3). See, e.g., State v. Collins (1977), 60 Ohio App. 2d 116 [52 O.O. 97];

*State* v. *Phillips* (1951), 90 Ohio App. 44 [46 O.O. 343]. Under such circumstances, it is quite clear that it is not the province of this court to disturb that finding by substituting its judgment for that of the finder of fact. *E.g., State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]; *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]. The first assignment of error is without merit and is accordingly overruled.

In his second assignment of error, presenting the principal challenge of this appeal, defendant disputes the trial court's refusal to dismiss the indictment on the grounds that neither it nor the bill of particulars sufficiently alerted defendant to the specific dates and times upon which the charged offenses were alleged to have occurred. Specifically, defendant contends that while neither Crim. R. 7(B) nor R.C. 2941.08(B) mandates that precise time averments be contained in an indictment, the failure to provide such exactitude under the instant facts deprived him of his constitutional rights to due process of law under the Sixth and Fourteenth Amendments to the United States Constitution as well as Section 10, Article I of the Ohio Constitution. For the reasons stated herein, we disagree.

At the outset, it must be noted that this court has very recently reaffirmed the time-honored and well-established principle enunciated in *Tesca* v. *State* (1923), 108 Ohio St. 287, that averments of the exact time and date of an alleged offense are unessential to an indictment. See *State* v. *Elliott* (Oct. 6, 1982), Hamilton App. No. C-810685, unreported. In *Elliott,* this court affirmed the conviction of a defendant charged with several counts of rape, despite the fact that the indictment had been amended to enlarge the time period during which the crimes were allegedly committed, on the dual grounds that the accused failed to request a bill of particulars demanding temporal specificity and that such amendment did not in any event offend the applicable statutory authority contained in Crim. R. 7(B) and R.C. 2941.08(B).

In the instant case, a somewhat different question is posed. Unlike *Elliott,* we are not presented with a question as to the appropriateness of an amendment to an indictment or a challenge predicated upon purely statutory grounds. Moreover, defendant in the instant case moved for and received a bill of particulars from the state, a fact of some consequence to the *Elliott* court. We are rather presented with the question of whether, under the instant circumstances, the accused was denied his constitutional rights to due process of law when compelled to stand trial on the basis of an indictment and bill of particulars which averred merely that the alleged offenses occurred during broadly specified intervals over a fourteen-month period.

Under the respective provisions of the Ohio and United States Constitutions, an individual accused of a felony is entitled to an indictment setting forth the "nature and cause of the accusation." See, *e.g., Wong Tai* v. *United States* (1927), 273 U.S. 77; *State* v. *Davis* (1978), 60 Ohio App. 2d 355 [14 O.O.3d 315]; *Dinsmore* v. *Alvis* (1950), 88 Ohio App. 32 [43 O.O. 397]. These provisions are designed to compel the government to aver all material facts constituting the essential elements of the offense so that the accused may not only have adequate notice and an opportunity to defend, but also to protect himself from any future prosecution for the same offending conduct. *E.g., Harris* v. *State* (1932), 125 Ohio St. 257; *State* v. *Hearn* (1926), 115 Ohio St. 340; *State* v. *Joseph* (1926), 115 Ohio St. 127; *Furman* v. *State* (1918), 10 Ohio App. 157. It is not, however, necessary that an indictment contain a recitation of the evidence supporting the various facts; it is enough that the indictment contains language sufficient to alert the person named therein that certain generally specified conduct constitutes a violation of an existing statute. *E.g., State* v.

*Yudick* (1951), 155 Ohio St. 269 [44 O.O. 269]; *State* v. *Hahn* (1938), 59 Ohio App. 178 [11 O.O. 560]. See, also, *State* v. *Zaras* (1947), 81 Ohio App. 152 [35 O.O. 460].

Under this rubric, then, an averment of the precise date and time of an offense generally need not be included in an indictment, since, generally, precise times or dates are not essential elements of offenses. As the United States Supreme Court noted in *Glasser* v. *United States* (1942), 315 U.S. 60, 66:

"The particularity of time, place, circumstances, causes, etc., in stating the manner and means of effecting the object of a conspiracy for which petitioners contend is not essential to an indictment."

See, also, *White* v. *Maxwell* (1963), 174 Ohio St. 186 [22 O.O.2d 141]; *Tesca* v. *State, supra; State* v. *Porcaro* (1956), 102 Ohio App. 128 [2 O.O.2d 122]. Thus, while it may (under circumstances hereinafter discussed) become mandatory for the state at some appropriate point to give specific times or dates where it is necessary in order to permit an accused to prepare an adequate defense or to put the accused on notice of which particular act is alleged to constitute the charged offense, failure to provide dates and times in an indictment does not, of itself, provide a basis for dismissal of the charges. Rather, as the *Glasser* court noted, securing such specificity of detail, where necessary or desirable, falls more appropriately to the role occupied in our practice by the bill of particulars. *Glasser, supra,* at 66. See, also, *White* v. *Maxwell, supra,* at 187-188; *State* v. *Porcaro, supra,* at 132. It is, therefore, to the sufficiency of this supplementary document which we now direct our attention.

A bill of particulars is designed to provide the accused, upon proper demand, with greater detail concerning the nature of the offense charged and of the criminal conduct alleged to constitute the offense, and is appropriately supplied where the indictment, although legally sufficient in describing the elements of the charged offense, is so general in nature that the accused is not given a fair and reasonable opportunity to prepare his defense. *E.g., State* v. *Petro* (1947), 148 Ohio St. 473 [36 O.O. 152]; *State* v. *DeRighter* (1945), 145 Ohio St. 552 [31 O.O. 194]; *State* v. *Clay* (1972), 29 Ohio App. 2d 206 [58 O.O.2d 364], affirmed (1973), 34 Ohio St. 2d 250 [63 O.O.2d 391]. It is elementary that averments in a bill of particulars may not be used to cure fundamental defects in an indictment; on the contrary, it is granted by the trial court, in the exercise of its sound discretion, for the limited purpose of elucidating or particularizing the conduct of the accused alleged to constitute the charged offense. *E.g., State* v. *Halleck* (1970), 24 Ohio App. 2d 74 [53 O.O.2d 195]; *State* v. *Dinsio* (1964), 4 Ohio App. 2d 309 [27 O.O.2d 353]; *State* v. *Coterel* (1953), 97 Ohio App. 48 [54 O.O. 38].

Like an indictment, however, a bill of particulars is not designed, and ought not to be used, to provide the accused with specifications of *evidence* or to serve as a substitute for a proper demand for discovery of the state's evidence. *E.g., State* v. *Wilson* (1972), 29 Ohio St. 2d 203 [58 O.O.2d 409]; *State* v. *Clay, supra; State* v. *Cron* (1967), 14 Ohio App. 2d 76 [43 O.O.2d 201]. See, also, *State* v. *Chaffin* (1972), 30 Ohio St. 2d 13. Thus, an accused is entitled to a bill of particulars when the facts of a particular case, as they impinge upon his ability to conduct his defense, require it, and then need only be directed toward the conduct of the accused as it is understood by the state to have occurred. Ordinarily, specifications as to date and time would not be required in a bill of particulars since such information does not describe particular *conduct,* but only *when* that conduct is alleged to have occurred, knowledge of which — as we have seen — is generally irrelevant to the preparation of a defense.

Nevertheless, even though such temporal information is generally irrelevant in preparing a defense, we think the rule should be that the state ought to supply

specific dates and times *where it possesses such information,* and probably when it is requested by a bill of particulars, but certainly when it is demanded in discovery procedures. No door, however remote and uncertain, ought to be closed to an accused engaged in the task of preparing a defense to a criminal charge. Clearly it is wisest to err on the side of openness and disclosure.

The real problem arises in cases, like the present, where the state is simply *unable* to comply with times and dates more specific than those found in the instant indictment. With all the best will in the world, information more specific and particular about when the incident occurred cannot be secured. The circumstance is not by any means unusual: it may arise when a decayed body is discovered in a woods, obviously dead of criminal agency but with no forensic or other means of discovering the precise date or time of death; it may arise, as here, because the only witnesses to the event are of tender years, unsophisticated or unlearned in applying a calendar date to an observed or experienced event. Criminal acts are commonly hidden, surreptitious, disguised, and come ultimately to light adventitiously and incompletely revealed. Experience and common sense tell us that a certain degree of inexactitude of averments, *where they relate to matters other than elements of the offense,* is not *per se* impermissible or necessarily fatal to a prosecution.

Such unavoidable inexactitude *may* indeed prove fatal to a prosecution, but that depends, it seems to us, upon a determination of whether the absence of specifics truly prejudices the accused's ability fairly to defend himself. An example may serve the point: Suppose, in the instant case, that the child Tracy had been twelve years old, verging on thirteen, instead of her actual eight years. Under such circumstances, specific dates of sexual conduct might well have become critical to the accused's ability to prepare a defense, since sexual conduct toward one thirteen years of age or older would not constitute the offense of rape as defined in the charged section of the criminal code, R.C. 2907.02(A)(3). Or, suppose that the defendant had been imprisoned or was indisputably elsewhere during part but not all of the intervals of time set out in the indictment. Again, under such circumstances, the inability of the state to produce a greater degree of specificity would unquestionably prejudice the defense. While it seems that such prejudice would usually become manifest, at the earliest, at the conclusion of the defendant's case and under a Crim. R. 29 motion for dismissal, rather than at the indictment or bill of particulars stage, the particular point is unnecessary to decide.

Where, however, the inability to produce a specific time or date when the criminal conduct occurred is, as would be the more usual case, without material detriment to the preparation of a defense, the omission is without prejudice, and without constitutional consequence.

Applying these principles to the instant case, we note that the indictment charged defendant with three separate acts of rape, alleged to have occurred during a fourteen-month period at three separate residences in Hamilton County. Upon timely and proper demand, the state provided defendant with a bill of particulars which averred further that in each of these locations defendant compelled his eight-year-old stepdaughter to engage in sexual activity, such conduct alleged to consist of defendant securing the victim in his bedroom, removing her clothing, and forcing her into bed, where, on various occasions, he inserted his fingers into her rectum, and forced her to submit to oral and vaginal intercourse. As can be seen, the indictment was clearly sufficient in that it charged defendant with conduct which, if proved, would constitute the offense. In similar fashion, the bill of particulars quite properly provided

a description of the particular conduct constituting the charged acts of sexual abuse. Thus, defendant was informed of the nature of the offense and conduct of the accusation. Nothing more is contemplated by the statutes and criminal rules of this state.

Moreover — and directly to the point raised by appellant — a careful reading of the record reveals nothing growing out of the time intervals set out in the indictment which could be said to have violated or prejudiced defendant's ability to defend himself. The instant case is not one akin to the examples above, in which the nature of the accused's defense made critical the date and time of the alleged criminal conduct. We conclude, therefore, that no *constitutional* rights of defendant to due process of law and to a fair trial were transgressed in the instant proceedings. Having thus been afforded an adequate and fair opportunity to defend the charges against him and to protect himself against any future prosecution for the same conduct, we overrule the second assignment of error.

The judgment is accordingly affirmed.

*Judgment affirmed.*

DOAN and KLUSMEIER, JJ., concur.