OPINION
Defendant Michael Walkowicz appeals a judgment of the Delaware Municipal Court of Delaware County, Ohio, convicting and sentencing him for one count of theft in violation of R.C. 2913.02, a first degree misdemeanor. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 FIRST ASSIGNMENT OF ERROR
 APPELLANT WAS DEPRIVED OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW BY VIRTUE OF A RECORD WHICH CONTAINS (81) EIGHTY-ONE PORTIONS BEING INAUDIBLE.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT LACKED JURISDICTION OF DEFENDANT ON A NO CONTEST PLEA WHERE DEFENDANT WAS A JUVENILE DURING TIME ALLEGED IN COMPLAINT WHICH DID NOT SUPPORT ALL THE ESSENTIAL ELEMENTS OF THE OFFENSE.
 THIRD ASSIGNMENT OF ERROR
 THE DEFENDANT-APPELLANT IS PROTECTED BY THE DOUBLE JEOPARDY CLAUSE AND/OR COLLATERAL ESTOPPEL WHERE HE IS PUNISHED TWICE FOR THE SAME CONDUCT.
The record indicates appellant was originally indicted by the Delaware County Grand Jury for felony theft, but the state alleges as a result of plea bargaining negotiations, appellant agreed to enter a plea of no-contest to a lesser theft offense in exchange for a dismissal of the indictment on the felony theft. It appears the parties agree the felony case in common pleas court was dismissed upon appellant's paying $164.42 in court costs, which the State asserts is part of the plea bargain agreement. Appellant was incarcerated for three days on a warrant issued pursuant to the felony indictment. Appellant pled no contest to the misdemeanor charge at his arraignment and the court sentenced appellant to 90 days in jail, a $500.00 fine, and court costs. The court agreed to suspend $425.00 of the fine if appellant made restitution to the victim in that amount. The court gave appellant credit for time served, and after appellant made restitution, suspended the remainder of the sentence.
 I
In his first assignment of error, appellant argues he was deprived of procedural and substantive due process of law because the 17 page transcript of proceedings before the court contains 81 portions where the court reporter was unable to transcribe the spoken words. Appellant urges 81 inaudible places in a transcript of only 17 pages deprived him of his due process rights.
We have examined the typed transcript of the proceedings, as well as the videotaped court appearance itself. The video tape is also inaudible in part, and it appears to this court the microphones malfunctioned during the proceeding.
In State v. Osborne (1976), 49 Ohio St.2d 135, death penalty vacated on other grounds 438 U.S. 911, the Ohio Supreme Court held where the trial court records the proceedings in an experimental electronic manner and the record is of poor technical quality, there is no denial of due process when the defendant fails to seek to modify or correct the record by the remedies available under App.R. 9(E). The Ohio Supreme Court treated all claims allegedly derived from defects in the record as waived.
The record does not demonstrate appellant sought to correct or modify the record here pursuant to App.R. 9(E). The rule permits the court to correct omissions, or misstatements, and permits a supplemental record be certified and transmitted if necessary.
We find appellant was not deprived of procedural and substantive due process of law by the alleged defect in the transcript.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court lacked jurisdiction over him because he was a juvenile during part of the time alleged in the complaint.
Before accepting appellant's no contest plea, the court asked the prosecutor to provide a statement of facts. The complaint alleged between October 19, 1996, and November 29, 1996, the Phi Delta Beta Fraternity in Delaware County, Ohio, received bad check notices from a Kroger store in Canal Winchester. The names and operator license numbers of appellant and another man were found on some checks, which were cashed at a Kroger and a IGA store in the Canal Winchester area.
During the time period, appellant was working on tear down and restoration work on a fraternity house, which had been damaged by fire. The State alleged appellant removed blank checks from the premises and later negotiated them at the grocery stores.
Appellant asserts from October 19, 1996, the first date of the time period alleged in the complaint, he was 17 years old. Appellant's birthday is October 20. Appellant argues this means he was a juvenile for part of the time period alleged and for this reason, the court had no jurisdiction over him.
As the State points out, appellant agreed to enter a plea of no contest to a misdemeanor theft offense in a municipal court, and offered no objection to the time period alleged. The State urges failure to have a precise date on which the checks were removed from the fraternity house premises does not render the complaint void, nor was appellant deprived of any due process rights because the exact date was not an essential element of the crime charged. In State v. Gingell (1982), 7 Ohio App.3d 364, the court found the precise date and time of an offense need not be included in an indictment or Bill of Particulars unless the precise date or time is an essential element of the offense charged. Appellant argues the statement of facts did not support all the essential elements of the offense. We do not agree. The facts cited by the prosecutor in support of the complaint must demonstrate the elements of theft, namely, that appellant, with purpose to deprive the owner of the property or services, knowingly obtained or exerted control over the property or services without the consent of the owner or person authorized to give consent, or beyond the scope of the expressed or implied consent of the owner or person authorized to give consent.
We find the trial court had jurisdiction over the appellant, and further, there were sufficient facts placed before the court to support all the essential elements of the offense charged.
The second assignment of error is overruled.
 III
Finally, appellant argues the principles of double jeopardy and collateral estoppel prohibit the State from punishing him twice for the same conduct. Appellant asserts he spent three days in jail, and paid court costs of $164.00, on the prior felony charge, the facts of which also gave rise to the misdemeanor charge.
Appellant cites us to no authority to the proposition payment of court costs for a charge which was dismissed amounts to punishing him for an offense. The trial court gave appellant credit for time served on the felony warrant, and did not sentence him to the maximum fine for a first degree misdemeanor.
We find the State is not prohibited by the principles of double jeopardy and collateral estoppel from charging a defendant with a misdemeanor offense after dismissing a felony charge which arose out of the same facts and circumstances.
The third assignment of error is overruled
For the foregoing reasons, the judgment of the Delaware Municipal Court, of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., concur Hoffman, J., concurs, separately.