DECISION AND JUDGMENT ENTRY
 STATEMENT OF FACTS
On May 17, 1998, Defendant-Appellant Lyn Lewis, an inmate at the Ross Correctional Institution ("RCI"), was discovered by two corrections officers climbing a perimeter fence of the prison. On December 4, 1998, appellant was indicted on one count of escape, in violation of R.C. 2921.34, a second-degree felony. A conviction on this charge requires a showing that appellant was previously convicted of a first or second-degree felony.
Appellant entered pleas of not guilty, not guilty by reason of insanity, and incompetence to stand trial. On June 11, 1999, a pre-trial hearing was held regarding the psychological issues. At this hearing, appellant was found to be sane at the time of the commission of the alleged offense and competent to stand trial. The case was then tried to a jury on September 1, 1999.
The crux of this appeal surrounds the introduction into evidence of a prior first-degree felony conviction to elevate the state's escape charge to a second-degree offense. Appellee sought to introduce evidence that appellant was convicted of aggravated robbery: a first-degree felony and the very conviction for which appellant was supposedly incarcerated in RCI. To link the prior conviction to appellant, appellee provided the trial court a certified copy of the judgment entry from the prior conviction; the name of the judgment entry corresponded to that of appellant's. Appellee then called two witnesses to authenticate the judgment entry.
The first witness was Shannon Perry, a sergeant for the Ohio State Highway Patrol. She attempted to testify solely from RCI prison records, where it was documented that appellant was serving a sentence for aggravated robbery. Appellant objected on the grounds that Perry's testimony was not derived from her own personal knowledge. The court sustained the objection.
Appellee then called a second witness, Marina VanKirk. Appellee established that VanKirk was the acting records supervisor at the Southern Ohio Correctional Facility ("SOCF"), the facility where appellant was housed during the trial. She brought with her appellant's prison record, containing a copy of the pertinent judgment entry and photographs of appellant. She testified as to the identity and mode of preparation of these records. Appellant again objected, asserting that VanKirk too had no personal knowledge of the production of the judgment entry, file, or photograph. The court overruled appellant's objections. At the conclusion of the state's case, appellant moved for a judgment of acquittal pursuant to Crim.R. 29(A). The trial court denied the motion.
The case was then submitted to the jury, which returned a guilty verdict. The court imposed a sentence of four years incarceration to be served consecutively with appellant's current sentence.
Appellant now appeals the verdict and sentence, presenting the following assignment of error for our review:
 I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION OF ACQUITTAL AT THE CONCLUSION OF STATE'S EVIDENCE.
We affirm the decision of the trial court.
Preliminarily, it should be noted that appellant's assignment of error addresses only the denial of appellant's motion of acquittal, while his supporting argument also addresses objections overruled during trial. In the interest of justice, we shall give effect to the substance, rather than the form, of appellant's argument, and analyze the assignment of error as a challenge to the denial of appellant's motion of acquittal as well as those relevant objections overruled during trial.
It is well established — indeed, this Court has previously ruled — that when evidence of a prior conviction is introduced to elevate the degree of a subsequent offense, the establishment of that prior conviction becomes an essential element of the subsequent crime. Statev. Tolle (Apr. 23, 1991), Highland App. No. 755, unreported. In a case such as this, the applicable standard of review is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Accordingly, the inquiry in the case sub judice is whether a rational trier of fact could have found beyond a reasonable doubt that the identity of the person named in the prior judgment entry of conviction, and appellant, are the same, thereby permitting elevation of the charged offense to a felony of the second degree pursuant to R.C. 2921.34(C)(2)(a).
The Ohio Revised Code requires a dual showing in order for a prior conviction to be used to elevate the degree of a crime.
 Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
(Emphasis added.) R.C. 2945.75(B).
As to the first inquiry, the record clearly establishes that a certified copy of appellant's prior judgment entry of conviction was properly provided the lower court and correctly admitted into evidence. The record further indicates that Ms. VanKirk was a custodian of the file maintained at SOCF, which contained this prior judgment entry, as well as photographs of appellant. The Ohio Revised Code provides that testimony of such a person is sufficient to validate the introduction of records of this kind into evidence; R.C. 2317.40 states in pertinent part:
 [a] record of an act, condition, or event, * * * is competent evidence if the custodian * * * testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission.
R.C. 2317.40; see, also, State v. Phillips (1951), 90 Ohio App. 44,103 N.E.2d 14 (holding that it would be error to admit such evidence absent testimony regarding the identification or mode of preparation by a custodian or the person who made or supervised the creation of the record).
Appellant correctly characterized St. Paul Fire Marine Ins. v. FastFreight (1982), 8 Ohio App.3d 155, 456 N.E.2d 551, as prohibiting a witness from giving hearsay testimony as to the content of business records based solely upon a review of those records. However, this proposition is inapplicable to Ms. VanKirk since she is a custodian of the relevant documents and testified in that capacity. Her testimony established the identity, as well as the mode of preparation, of the record in question, as is expressly permitted under R.C. 2317.40.
Further, such testimony comports with the Ohio Rules of Evidence. This Court has held that Evid.R. 901(A), as it relates to the authentication of records by a custodian, requires only that the proponent produce "`evidence sufficient to support a finding that the matter in question' is what the proponent claims it to be," not that the custodian have personal knowledge. (Emphasis sic.) State v. Easter (1994),75 Ohio App.3d 22, 24, 598 N.E.2d 845, 847, citing Evid.R. 901(A).
Accordingly, we find that Ms. VanKirk, in her capacity as records custodian, need not have had personal knowledge of the prior criminal events, nor the document preparation evidencing that conduct, in order to authenticate the documents at issue; neither the Ohio Revised Code nor the Ohio Rules of Evidence impose such a requirement on records custodians. We leave the balance of the inquiry — the factual determinations of whether the record was made in the ordinary course of business and whether the sources of information, method, and time of preparation were sufficient — to the sound judgment of the trial court, noting that these issues were not raised by appellant.
We next turn to the second inquiry mandated by R.C. 2945.75(B): the sufficiency of evidence in identifying the defendant named in the entry as the same party in the matter under consideration. See State v.Blonski (1997) 125 Ohio App.3d 103, 707 N.E.2d 1168, dismissed, appeal not allowed 81 Ohio St.3d 1521, 692 N.E.2d 1023 (holding that the state must provide additional evidence besides a certified copy of the judgment entry); accord State v. McCoy (1993), 89 Ohio App.3d 479, 624 N.E.2d 1102.
A similar issue was addressed in the Second Appellate District in Statev. Mobley (June 6, 1987), Montgomery App. No. 9856, unreported. There the appellant argued that a probation officer's testimony was insufficient to establish the requisite link to the prior conviction. The appellant asserted that the officer must have had personal knowledge, such as being present at the sentencing of the prior conviction, to link the prior conviction to him. The court disagreed.
 [The fact that the probation officer had no personal knowledge] was made known to the jury, however, and it was for the trier of the facts to weigh the evidence upon the issue. Under the circumstances, the State was not required to negate the remote possibility that another [appellant with the same name] was the actual offender * * *. Noticeably, no evidence was offered to challenge the State's proof of identification, and the evidence, as a whole, supports the conclusion of the jury.
Id. Similarly, we find no evidence in the record at hand to rebut the state's proof of identification.
Appellant is correct in his assertion that identical names are insufficient to establish the requisite nexus to a previous conviction. See State v. Newton (June 19, 1984), Auglaize App. No. 2-83-20, unreported; accord State v. O'Neil (1995) 107 Ohio App.3d 557,669 N.E.2d 95. However, appellee proffered more than just similarity in names: appellee submitted a judgment entry with appellant's same name, a photograph which clearly resembled appellant, as well as corresponding inmate and offender numbers.
A jury is not required to suspend its common sense. Indeed, it has been said that "[r]eason and free enquiry are the only effectual agents against error." Thomas Jefferson, Notes on the State of Virginia (Smith Peter 1940) (circa 1781 — 1783). Appellant offered no evidence to buttress his claim that he is not the same person named in the former conviction; the jury was provided only a naked claim by appellant that appellee's evidentiary showing was insufficient. Moreover, it is obvious that appellant was convicted of some felony, as the evidence established he was an RCI inmate when the event at issue occurred. See R.C. 2929.221
(explaining that only felons are to be sentenced to imprisonment in a state penitentiary). "When speculation has done its worst, two and two still make four." Samuel Johnson, The Idler and The Adventurer (Yale University Press 1986) (circa 1758).
Appellant would have this Court believe that a rational jury could conclude the evidence of identification is insufficient: that there is another male inmate at RCI and SOCF named Lyn Lewis, who is physically identical to appellant, and harbors the same or similar inmate number. We, of course, disagree.
It is the view of this Court that appellee presented sufficient evidence, in accordance with R.C. 2945.75(B), to link appellant to the prior first-degree felony of aggravated robbery. Correspondingly, this Court holds that a rational trier of fact could conclude beyond a reasonable doubt that appellant was indeed the person convicted of the antecedent crime. Therefore, the escape charge was properly elevated to a second-degree offense in complete compliance with R.C. 2921.34(C)(2)(a). Appellant's assignment of error is OVERRULED. The judgment of the Ross County Court of Common Pleas is AFFIRMED.
AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.
 _____________________________ David T. Evans, Judge