OPINION JOURNAL ENTRY
On November 30, 2001, Appellant Joseph A. Wright (hereinafter "Wright") filed an Application for Reopening pursuant to App.R. 26(B) attempting to reopen this matter subsequent to our decision affirming his conviction.State v. Wright (September 27, 2001) Columbiana App. No. 97-CO-35,unreported. For the following reasons Wright's request is denied.
 The applicable appellate rule in this case is App.R. 26 titled"Application for reconsideration; application for reopening," whichprovides in relevant part:
 "(B) Application for reopening.
 A defendant in a criminal case may apply for reopening of the appealfrom the judgment of conviction and sentence, based on a claim ofineffective assistance of appellate counsel. An application for reopeningshall be filed in the court of appeals where the appeal was decidedwithin ninety days from journalization of the appellate judgment unlessthe applicant shows good cause for filing at a later time.
 "(2) An application for reopening shall contain all of the following:
 " * * *
 "(b) A showing of good cause for untimely filing if the application isfiled more than ninety days after journalization of the appellatejudgment, [;]
 "(c) One or more assignments of error or arguments in support ofassignments of error that previously were not considered on the merits inthe case by any appellate court or that were considered on an incompleterecord because of appellate counsel's deficient representation;
 " * * *
 "(5) An application for reopening shall be granted if there is agenuine issue as to whether the applicant was deprived of the effectiveassistance of counsel on appeal."
 When considering an application for reopening pursuant to App.R.26(B), we must first determine, based upon defendant's application,affidavits, and portions of the record before us, whether the defendanthas set forth a colorable claim of ineffective assistance of appellatecounsel. See e.g. State v. Milburn (Aug. 24, 1993), Franklin App. No.89AP-655, unreported (1993 Opinions 3553); State v. Burge (1993),88 Ohio App.3d 91, 623 N.E.2d 146. To establish a claim of ineffectiveassistance of counsel under Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, a defendant must show that counsel'sperformance was so deficient that it was unreasonable under prevailingprofessional norms. Id. at 687-688. See, also, State v. Seiber (1990),56 Ohio St.3d 4, 11. A defendant must also show that "but for" counsel'sdeficient performance the results of the proceedings would have beendifferent. Strickland, at 694. The two-prong test set forth inStrickland is applicable to claims of ineffective assistance of appellatecounsel. State v. Rojas (1992), 64 Ohio St.3d 131, 141; State v. Watson(1991), 61 Ohio St.3d 1, 16.
 The Strickland standard requires the following proof:
 "First, the defendant must show that counsel's performance wasdeficient. This requires showing that counsel made errors so serious thatcounsel was not functioning as the `counsel' guaranteed the defendant bythe Sixth Amendment. Second, the defendant must show that the deficientperformance prejudiced the defense. This requires showing that counsel'serrors were so serious as to deprive the defendant of a fair trial, atrial whose result is reliable." 466 U.S. at 687-88; see State v.Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of thesyllabus.
 Wright argues appellate counsel was ineffective for failing to raisethree purported assignments of error. Appellate counsel is notnecessarily ineffective for failing to raise a particular claim oferror. Appellate counsel has no constitutional duty to raise everyconceivable assignment of error on appeal. Jones v. Barnes (1983),463 U.S. 745; see State v. Campbell (1994), 69 Ohio St.3d 38, 53. Infact, "[a] brief that raises every colorable issue runs the risk ofburying good arguments * * * in a verbal mound made up of strong and weakcontentions." Jones, 463 U.S. at 753. "For judges to second-guessreasonable professional judgments and impose on appointed counsel a dutyto raise every `colorable' claim suggested by a client would disserve thevery goal of vigorous and effective advocacy * * * " Jones,463 U.S. at 754; see State v. Rojas (1992), 64 Ohio St.3d 131, 141-42; State v.Watson (1991), 61 Ohio St.3d 1, 15-16.
 Consequently, absent an egregious omission, the mere failure to presenta specific assignment of error in addition to others raised on appealwill not constitute deficient performance of appellate counsel. Theburden of showing deficient performance is a heavy one as counsel in Ohioare presumed competent, Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301;State v. Smith (1981), 3 Ohio App.3d 115, 120, and judicial scrutiny ofthe performance of counsel is to be highly deferential. Strickland,104 S.Ct. at 2065-66; State v. Williams (1992), 80 Ohio App.3d 648, 661.
 Even when an applicant demonstrates the deficient performance ofappellate counsel for failing to present an additional assignment oferror, the applicant still must establish prejudice. See, e.g., Sharp v.Puckett (C.A.5, 1991), 930 F.2d 450. The applicant must show that thereis a reasonable probability that, but for the unprofessional error, theresult of the appeal would have been different. Id. at 452-53; State v.Dehler (June 6, 1994), Cuyahoga App. Nos. 65006, 66020, unreported,reopening disallowed (Aug. 24, 1994), Motion No. 53391, slip entry at 4.
 Wright claims appellate counsel was ineffective for failing to raisethree assignments of error, the first of which alleges:
 "Counsel was ineffective as to impeach the witness of their testimonywhen it was plainly seen that the prosecution was leading the witness intheir testimony." [sic]
 This issue was raised by appellate counsel in Wright's originalappeal, albeit in another context. Appellate counsel's sole assignment oferror claimed Wright was prejudiced in that he could not effectivelyimpeach witnesses without the aid of an expert witness.
 If appellate counsel were to challenge trial counsel's effectivenesswith regard to cross-examination of the witnesses, it would have servedto undermine every argument Wright made with respect to his request forexpert assistance. Specifically, if Wright now argues it was in factpossible for trial counsel to effectively impeach the testimony of thestate's witnesses, there would be no need for the expenditure of fundsfor expert assistance. It appears appellate counsel made a strategicdecision not to raise that assignment of error as it would be contrary toWright's request for expert assistance. This claim is meritless.
 Wright next asserts appellate counsel was ineffective for failing toraise the following error:
 "MANIFEST WEIGHT OF EVIDENCE. It is clear that there is no physicalevidence in this case; just of witnesses that was (sic) coached in theirtestimony."
 Wright argues, although in Ohio there is no requirement statutory orotherwise, that the testimony of a rape victim be corroborated as acondition precedent to a conviction, referring to State v. Gingell(1982), 7 Ohio App.3d 364 and State v. Love (1988), 49 Ohio App.3d 88,550 N.E.2d 951. Wright's reliance is misplaced. In Love, the defendantsimilarly argued the verdict was against the manifest weight of theevidence because the victim's testimony was uncorroborated. The courtresponded, "In State v. Gingell (1982), 7 Ohio App.3d 364, 7 OBR 464,455 N.E.2d 1066, we found no requirement, statutory or otherwise, that arape victim's testimony be corroborated as a condition precedent toconviction." Id. at 91.
 Moreover, appellate counsel raised this argument in the same context asWright's first proposed assignment of error. Both trial counsel andappellate counsel maintained that the lack of corroborating evidencemandated both a new trial and the expenditure of funds for an expert totestify at that trial. Once again, we find that appellate counsel made astrategic decision not to separately raise this assignment of error as itwould be cumulative of the error which was in fact assigned.Furthermore, this claim is groundless. As we explained in our originaldecision, there were four competent witnesses which testified as to therequisite elements of the crimes involved.
 As his final proposed assignment of error, Wright claims his appellatecounsel should have raised the following error:
 "PREJUDICIAL AGAINST BY JUDGE (sic) WHILE GIVING JURY INSTRUCTIONS. The misconduct of the judge while instructing the jury was evident through prejudicial and biased remarks, by instructing the jury to find the defendant guilty. The jury was not permitted to rule on the evidences, but were given plain verbal instructions to find the defendant guilty. On T.P. 105, line 4 and 5 of the jury instructions, I quote the judge: `Now as to Count Five (5), the defendant is before you find the defendant guilty.'"
 We must first address Wright's creative use of punctuation. When placedin context, the trial court actually instructed the jury, "Now as tocount five, the defendant is before you find the defendant guilty, youwould have to find beyond a reasonable doubt * * * " This line is buriedamidst sixteen lines of jury instructions in which the court clearlyinstructed the jury "the defendant is presumed innocent until and unlesshis guilt has been established beyond a reasonable doubt."
 A single instruction to a jury may not be judged in artificialisolation, but must be viewed in the context of the overall charge. Statev. Price (1979), 60 Ohio St.2d 136, 398 N.E.2d 772, paragraph four of thesyllabus; State v. Baker (1993), 92 Ohio App.3d 516, 536, 636 N.E.2d 363.A reviewing court must consider the whole charge as given rather thanseparate portions of a charge. State v. Baker, supra.
 Initially, we reject Wright's assertion that this instruction wasincorrect even when read in isolation. Moreover, the instructions as awhole are essentially identical to the definition set forth in R.C.2901.05(D), and approved by the Ohio Supreme Court in State v. Frazier(1995), 73 Ohio St.3d 323, 330, 652 N.E.2d 1000.
 We further note that trial counsel failed to object to the allegedprejudicial jury instruction. Therefore, Wright's proposed assignment oferror would be reviewed under the plain error standard as found inCrim.R. 52. That is, the failure to object to an instruction waives "anyclaim of error * * * unless, but for the error, the outcome of the trialclearly would have been otherwise." State v. Underwood (1983),3 Ohio St.3d 12, syllabus. Further, "[n]otice of plain error underCrim.R. 52(B) is to be taken with the utmost caution, under exceptionalcircumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, syllabus. We do not deem these circumstances to be exceptional and find that appellate counsel was not deficient in failing to raise the alleged error. This assigned error is meritless.
For the foregoing reasons, Wright's application for reopening is denied.
Vukovich, P.J., concurs.
Waite, J., concurs.
DeGenaro, J. concurs.