OPINION
{¶ 1} J.A., a minor, was adjudicated a delinquent child by the Juvenile Court on a finding that J.A. committed an act for which, as an adult, he would be convicted of the offense of Rape in violation of R.C. 2907.02(A)(1)(b). The court ordered J.A. committed to the Department of Youth Services for a *Page 2 
minimum of twelve months, up to a maximum of his twenty-first birthday. J.A. appeals.
ASSIGNMENT OF ERROR
 {¶ 2} "THE STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT COMMITTED THE CHARGED OFFENSE AND THE COURT'S FINDING OF RESPONSIBILITY AMOUNTS TO A MANIFEST MISCARRIAGE OF JUSTICE."
 {¶ 3} A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 4} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 5} A weight of the evidence argument challenges the believability of the evidence; which of the competing *Page 3 
inferences suggested by the evidence is more believable or persuasive. The proper test to apply to that inquiry is the one set forth inState v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 6} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, supra.
 {¶ 7} J.A. argues that his delinquency adjudication must be reversed because the evidence presented at his adjudicatory hearing was insufficient to prove a violation of R.C. 2907.02(A)(1)(c). That section prohibits engaging in sexual conduct with a person who is not the spouse of the offender when "[t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition because of advanced age."
 {¶ 8} J.A. was not found to have violated R.C. 2907.02(A)(1)(c). He was found to have violated *Page 4 
R.C. 2907.02(A)(1)(b). That section prohibits non-spousal sexual conduct when "[t]he other person is less than thirteen years of age, whether or not the offender knows of the age of the other person." It is undisputed that the victim of J.A.'s rape offense, T.A., was nine years of age when the Rape offense occurred.
 {¶ 9} J.A. further argues that the evidence was insufficient to prove that he engaged in sexual conduct with T.A. because the evidence fails to demonstrate penetration.
 {¶ 10} R.C. 2907.01(A) defines sexual conduct to include "anal intercourse . . . and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." That section further provides: "Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 11} T.A. testified that, during a night when they shared a bed, J.A. pulled down T.A.'s pajama pants and underwear, and
 {¶ 12} that J.A. "Put his penis up my butt." When asked whether J.A.'s penis was in or on his butt, T.A. responded, "in" his butt and "in" his crack, referring to his butt. After T.A. demonstrated on cross-examination that he knew the difference between something being in or on his butt, when *Page 5 
asked if J.A. did it right inside his butthole, T.A. responded, "yes."
 {¶ 13} J.A. argues that T.A.'s testimony was insufficient to prove penetration because T.A. wavered between whether J.A. had placed his penis "in his `crack' or in his `butt,'" when no corroborating evidence was offered proving penetration.
 {¶ 14} Corroboration of a rape victim's testimony is not required to support a guilty verdict, even when the victim is a child. State v.Shafeek (Dec. 14, 1994), Montgomery App. No. 13666, citing State v.Gingell (1982), 7 Ohio App.3d 364. T.A.'s testimony alone, if believed, is sufficient to prove beyond a reasonable doubt all of the essential elements of rape, including penetration. The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the trial court here, to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. The trial court did not lose its way simply because it chose to believe the State's witnesses, which it had a right to do.
 {¶ 15} Viewing the totality of the evidence in a light most favorable to the State, as we must, we conclude that a rational trier of facts could find all of the essential elements of rape proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient *Page 6 
evidence.
 {¶ 16} Reviewing the record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trial court lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice occurred. Defendant's conviction for rape is not against the manifest weight of the evidence.
 {¶ 17} Defendant's sole assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. And FROELICH, J., concur.
Copies mailed to:
Melissa M. Ford, Esq.
Frank A. Malocu, Esq.
Hon. Anthony Capizzi *Page 1