## PROCEDURE WHERE A CASE HAS BEEN DECIDED ADVERSELY BY A REFEREE.

Court of Appeals for Hamilton County.

SAMUEL WOODWARD ET AL V. CLYDE M. BROCKELL, ADMINISTRA-
TOR, ET AL.

Decided, May 13, 1913.

*Proceedings Before a Referee—Failure by the Defeated Party to Take
Exceptions—Common Pleas Court Without Power to Extend Time
for Signing Bill of Exceptions.*

Where a case is tried before a referee the trial is conducted as if by
the court, and if no exceptions are taken and filed before the referee
within the statutory period, the court is without power to extend
the time for so doing, and the report of the referee must stand as
the decision of the court.

*Pugh & Pugh*, for plaintiffs in error.

*Thos. L. Michie, Millard Tyree* and *A. J. Cunningham*, con-
tra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

The cause below was tried before John H. McMakin as referee
under appointment and reference made by the court of common
pleas, by agreement of all the parties. By virtue of such ap-
pointment said referee made his findings of fact and conclusions
of law which were reported to the court of common pleas and
filed therein November 6, 1909. A motion for new trial had
been filed by plaintiffs before said referee November 5, 1909, and
said motion was overruled by the referee on the same date. On
March 12, 1910, an order was made by the common pleas court
remanding and re-referring said cause to said referee, and or-
dering and directing him to properly certify a bill of exceptions
and file same in that court on or before March 28, 1910. It ap-
pears the referee, without in any way changing his original re-
port or his findings of fact and conclusions of law, or without
filing any supplemental report or refiling his original report, did

on March 26, 1910, allow and sign a bill of exceptions showing the motion for new trial filed by plaintiffs November 5, 1909, and the overruling of same by him on the same day, and the sending of the bill of exceptions by plaintiff to him on the 21st day of March, 1910, and the same was filed by him in the court of common pleas on March 26, 1911.

Trial by referees is provided for in Sections 11475 to 11486 of the General Code. Such a trial is conducted as if by a court, and the referee's decision must be given and may be excepted to and reviewed as in a trial by the court. *Guthrie* v. *Angosta Milling Co.,* 17 C. C., 256; *Lawson* v. *Bissell,* 7 O. S., 261; *Cincinnati* v. *Cameron,* 33 O. S., 336.

The bill of exceptions should be taken and filed before the referee within the time limited by Sections 11564 and 11565 of the General Code. This was not done in this case, and the limit of time having expired the court of common pleas had no power to extend this time. Its action in referring and remanding the case back for the sole purpose of executing its order for the referee to certify and file a bill of exceptions was taken too late and could have no effect in extending the time fixed by statute for the signing of such bill of exceptions. And the bill of exceptions which was signed by the referee in pursuance of that order can not be considered by the court as part of the record. The court below erred in not confirming the report of the referee and ordering it to stand as the decision of the court and entering judgment therein in favor of defendants below. · An examination of the evidence found in the so-called bill of exceptions, if it could be considered, leads the court to conclude that the report of the referee was correct in his findings of fact and conclusions of law. The judgment of the common pleas court is reversed and judgment given here for plaintiffs in error.