Houck, J.
This case is here on appeal from a judgment entered in the common pleas court of Richland county. The agreed facts are:
That Mary A. Hess and Henry C. Hess were married January 9, 1913; that Mary A. Hess departed this life, intestate, leaving no children or their legal representatives, on the 17th day of January, 1917, seized of the real estate described in the amended petition of plaintiffs, and which real estate is non-ancestral, except two cemetery lots located in the Belleville, Ohio, cemetery; that *214 said non-ancestral real estate is of the value of not less than twenty-five thousand dollars; that Henry C. Hess and Mary A. Hess were husband and wife at the time of the death of the said Mary A. Hess; that the following post-nuptial agreement was entered into between the said Henry C. Hess and Mary A. Hess:
“Separation Agreement.
“These articles of separation made and concluded at Mansfield, Ohio, this 5 th day of November, 1913, by and between Henry C. Hess and Mary A. Hess, husband and wife, witnesseth:
“That whereas the parties hereto have agreed and hereby do agree to live separate and apart during the remainder of their natural lives; and
“Whereas said Mary A. Hess has this day paid to Henty C. Hess the sum of $1.00 the receipt of which is hereby acknowledged and has this day signed a deed for said Henry C. Hess, thereby conveying to his daughter, Rosa Burris, real estate known as part of lot No. 6 in Mt. Vernon, Ohio; now therefore with full knowledge of the rights and interest of the property of each other and of our own free-will, and in consideration of the foregoing, each party hereto does hereby release and discharge the other from all obligations' of support and from all other right, claims and duties arising or growing out of their marital relations; and said parties mutually agree that each party hereto may freely sell or otherwise dispose of his or her own property, by gift, deed or last will and testament, and each party is by these presents hereby barred from any and all rights or *215 plaims by way of dower, inheritance, descent, distribution, allowance for year’s support, and all other rights or claims whatsoever, in or to the estate of the other, whether real estate or personal, and whether now owned or hereafter to be acquired.
“And each party hereto for the consideration aforesaid, does hereby release and relinquish to the other, and to the heirs, executors, administrators and assigns of the other, all claim or right of dower and inheritance in and to all the real estate of the other whether now owned or hereafter acquired, all rights or claims to a distributive share of the personal property of the 'Other, now owned or hereafter acquired, and all claim to year’s support and all other claims whatsoever.
“Each party hereto further agrees, upon request of the other, to execute and acknowledge any and all deeds or other instruments of release or conveyance to enable such other to sell, convey or otherwise dispose of his or her own real property, free from any apparent right of inchoate dower therein.
“In witness whereof the parties have hereunto set their hands on the day and date herein written.
“Signed in presence of
“B. E. Sapp, “Henry C. Hess,
“Hugh Neal, “Mary A. Hess.”
But one question is here presented for determination, namely, under the facts and law- is Henry C. Hess the owner in fee simple of the non-ancestral real estate described in the amended petition of plaintiffs?
*216 It is claimed by counsel for Henry C. Hess that all non-ancestral real estate of Which Mary A. Hess died seized passed to and the fee simple title vested in the said Henry C. Hess, as the surviving widower of Mary A. Hess, under and by virtue of the provisions of Section 8574, General Code, which reads:
“Section 8574. If the estate came not by descent, devise, or deed of gift, it shall descend and pass as follows:
“1. To the children of the intestate and their' legal representatives.
“2. If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate.
“3. If such intestate leaves no husband or wife, relict to himself or herself, the estate shall pass to the brothers and sisters of the intestate of the whole blood, and their legal representatives.”
Counsel opposing Henry C. Hess urge that notwithstanding Mary A. Hess died intestate, without issue, and survived by her said husband, Henry C. Hess, he is barred from any interest in said real estate by reason of the terms and provisions contained in said post-nuptial agreement.
How stand the issues thus raised, under the conceded facts and the law applicable to them?
Under Section 7999, General Code, it is pro-' vided that a husband or wife may enter into any agreement or transaction with the other, or with any other person, which either might if unmarried, subject in transactions between themselves to the general rules which control the actions of persons occupying confidential relations with each *217 other. Therefore it will be conceded that the parties to the contract under consideration had‘not only a moral, but a legal right to enter into it.
It will further be conceded, under the facts, that unless Henry C. Hess has barred his right to inherit the real estate in question, by the provisions of said written contract, that he takes same under favor of said Section 8574, General Code. If Henry C. Hess has barred his right to inherit said real estate by said post-nuptial agreement, it is by reason of the following language used therein:
“And each party is by these presents hereby barred from any and all rights or claims by way of dower, inheritance, descent, distribution, allowance for year’s support, and all other rights or claims whatsoever, in or to the estate of the other, whether real estate or personal, and whether now owned or hereafter to be acquired. And each party hereto for the consideration aforesaid does hereby release and relinquish to the other and to the heirs, executors, administrators and assigns of the other, all claim or right of dower and inheritance in and to all the real estate of the other whether now owned or hereafter acquired * * *."
The language here used, as we construe it, in no way barred the right of the husband, if he survived his wife, to inherit her real estate; therefore it follows that it passes by operation of law.
It is clear to us that under the terms of the contract Mary A. Hess during her lifetime could have sold and conveyed by deed this real estate, or she could have disposed of it by will, but she elected to do neither; and having died intestate, leaving no children or their legal representatives, but a *218 'husband surviving, and being seized of real estate that came not by descent, devise, or deed of gift, it goes to and vests in said husband in fee simple.
Mary A. Hess had full power and dominion over the real estate owned by her, and had a legal right to alienate same by deed or will, but this she did not do. And having failed to designate who shall 'succeed her in title, our statute steps in and supplies the omission, and casts it, in this case, upon the surviving husband, Henry C. Hess.
Counsel opposed to Henry C. Hess propound, in their written brief, the following question to the court:
“Now, shall it be said that after Henry C. Hess had procured Mary Ann Hess to relinquish her right in his property, and each of the parties lived under this contract for the remainder of the life of Mary Ann Hess, that Henry C. Hess may treat this contract as a nullity, and reap the benefits under it?”
This is a proper and pertinent inquiry, and it seems to us that if correctly answered is decisive of the issues in the case. Our answer.is:
Mary A. Hess was bound to know the law. She knew that she was the owner of the property now in controversy, and 'had a right to sell and dispose of it during 'her lifetime, yet she did not do so. She knew, and in law was bound to know, that she could dispose of her property by will, but did not ¡do so. It therefore follows, and the presumption of law is, that she intended the real estate in this lawsuit to go to and vest in the one designated by our statute to inherit same. True, Mary A. Hess might not have placed the proper interpretation or *219 meaning upon the terms and conditions of the contract now before 'us, and might have been mistaken as to the legal effect of same, but this can in no way change the law of inheritance as fixed by legislative enactment.
Owing to the conclusion reached in this-case, we deem it unnecessary to discuss the numerous claims made in the several answers and cross-petitions filed herein, other than the issue we have referred to as made by the amended petition and the answer of Henry C. Hess.
It must and does follow from what we have already said that we- find the issues in this case in favor of the defendant, Henry C. Hess, and judgment is here entered finding that he is the fee simple owner of all- the real estate described in the amended petition of plaintiffs, except the two cemetery lots located in the Belleville cemetery. .

Judgment and decree accordingly.

Powell and Shields, JJ., concur.