## PROCEDURE WITH REFERENCE TO THE REPORT OF A REFEREE.

Common Pleas Court of Knox County.

### SADIE J. FIELDS V. GEORGE H. JONES ET AL.

Decided, April 5, 1927.

*Referees—Work of, how Reviewed—Notice Required to the Parties that the Report is Ready—Jurisdiction not Obtained by the Common Pleas to Review the Report, unless—Proceedure before Referees and Master Commissioners Distinguished—Section 11478 et seq.*

1. If no motion for a new trial is filed with a referee within three days after announcement of his decision, his report should be filed in court. It then becomes the decision the court.
2. But if a motion for a new trial is filed and overruled, opportunity should be given for the preparation of a bill of exceptions which the referee must file with his report. This brings the report before the court for consideration.

*F. O. Levering*, for plaintiff.

*Hugh K. Martin* and *Robert J. Grossman*, for cross-petitioning defendant, the Mt. Vernon Rubber Company.

*Robert L. Carr* and *E. G. Lloyd*, for other defendants.

MOORE, J.

This case is before the court upon a motion by plaintiff and the cross-petitioning defendant, the Mt. Vernon Rubber Company, to confirm the report of the referee, to whom this case was referred in October, 1925, by the Common Pleas Court of Knox county, and also exceptions filed by the other defendants.

The only question for the court to determine at this time is, whether or not the court has any jurisdiction to hear these exceptions, as filed. If the court can not hear the exceptions, the report of the referee stands as the decision. If the court can hear these exceptions, then the matter should be assigned for further hearing on those exceptions.

Confusion has evidently been caused in many cases in the matter of the correct procedure in trials before referees. This court thinks that such confusion has been

caused largely by the practice of treating the procedure before master commissioners and referees as if the same were identical; but by statute, it is essentially different. In this case it will be noted that Mr. Bermont was a referee. The case was referred to him in October 1925, with no direction by the court to reduce the testimony of the witnesses to writing. On December 6, 1926, the referee filed his report with the court. Within three days thereafter, the defendant filed a motion with the referee for a new trial.

Section 11478 of the General Code provides that trial by referee shall be conducted as if by the court.

Section 11479 of the General Code provides that referees must state the facts found and conclusions of law, and their decision must be given and may be excepted to and reviewed as in a trial by the court. Their report upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon as if the court had tried the action.

Section 11481 provides that if the court so directs, but not otherwise, the referee shall reduce the testimony of the witnesses in either form of reference to writing, and have each witness subscribe to his testimony.

Section 11479 evidently contemplates a different procedure from that which it is claimed was followed in the case at bar. The statute implies that the decision of the referee is to be given before the report is filed with the court.

Section 11484 of the General Code gives the reason the decision should be given before the report is filed. This section provides that the referee shall sign any true exceptions taken to an order or decision made by him in the case, and return it with his report to the court which made the reference. That is, so that a party so desiring may have an opportunity to have a motion for a new trial passed upon by the referee, and an opportunity to prepare his bill of exceptions, and have such bill allowed and signed by the referee. The procedure clearly outlined, if not in so many words in the statute, by implication is:

First.    That the referee should give notice to the parties that his decision has been made.

Second.    If no motion for a new trial has been filed with him within three days after such notice, he should file his report in the court, which report then stands as the decision of the court.

Third.    If a motion for a new trial is filed and overruled, opportunity should be given the party filing it to prepare and have the referee sign and allow a bill of exceptions, which the referee must file with his report. It will be noted that it must be filed *with* his report, and not afterwards.    When such bill of exceptions is properly before the court which referred the case, such court may consider the same; but if no such bill of exceptions is before the court, and there has been no order of the court directing the testimony to be reduced to writing, there is no evidence before the court whereby it could determine the correctness or incorrectness of the referee's report, and his report must stand as the judgment of the court. *Guthrie & Sons* v. *Milling Co.*, 17 O. C. C., 256.

There is no evidence before the court as to whether or not the referee gave the parties notice before filing his report.    The statement of counsel, which is not denied, is that none was given.    Manifestly, the referee, in all fairness, should have given such notice.    The court thinks that the reason he did not was that there was not a correct distinction made either by the referee or by counsel as to the difference, in law, between matters relating to referees and those relating to master commissioners.    There was no intentional unfairness on the part of Mr. Bermont; but, at any rate, as the matter stands, there are no exceptions before the court.    When the referee failed to follow the procedure apparently contemplated by statute, counsel for the defendants, Jones, Perkins, Lloyd & Hane, could and should have corrected this by filing a motion to re-refer it.    If, instead of filing a motion for a new trial with the referee, a motion had been filed to re-refer the case to the referee, for the purpose of having him pass upon the motion for a new trial, and allow the bill of exceptions,

this court could and would most certainly, in fairness, have sustained such motion. The opportunity intended by statute to prepare a bill of exceptions should always be given parties desiring to except, but the weight of authority unquestionably is that after a referee files his report, his authority as a referee has ended. More than 40 days having elapsed since the decision of the referee—for his report is a decision—and no bill of exceptions having been presented to the referee for his signature, the court is now without power to refer the matter to the referee for such purpose. 2 Ohio App., 37.

This view of the matter works an apparent hardship upon the defendants, Jones, Perkins, Lloyd & Hane, but statutes relating to proceedings in error must be strictly followed; otherwise the court gets no jurisdiction.

There being nothing properly before the court, except the motion to confirm, this court is without jurisdiction to hear exceptions to the referee's report. The report of the referee must, therefore, stand as the judgment of the court, and the motion to confirm may be, and is, sustained.

The defendants, Jones, Perkins, Lloyd & Hane, may have exceptions.