NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-2168

———————

WILLIAM A. REED, JR, as personal representative for ELSIE M. REED,
an incompetent individual, and WILLIAM A. REED, JR., individually,

Appellant

v.

KAREN SCHEFFLER, Mayor of the Borough of Palmyra;
*TRACY KILMER, Housing Official, Borough of Palmyra;
*BOROUGH OF PALMYRA

*Dismissed Pursuant to Clerk's Order dated 9/26/18

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. Civil Action No. 1-16-cv-00423)
District Judge: Honorable Noel L. Hillman

———————

Submitted under Third Circuit LAR 34.1(a)
on January 25, 2019

Before:  JORDAN, KRAUSE and ROTH, Circuit Judges

(Opinion filed: June 24, 2019)

———————

OPINION*

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

William Reed alleges that the mayor of his town violated his free speech rights when she criticized the condition of property owned by Reed's mother. He contends that the mayor's statements, made in the local newspaper, constituted "viewpoint discrimination" because they were harmful criticisms directed only at his mother's property. Because the District Court did not err in dismissing Reed's claims, we will affirm.

I[1]

In 2014, Reed had a power of attorney to act for his mother during the sale of her house in the Borough of Palmyra, New Jersey. As part of the property sale process, the owner of the home was required to obtain a Certificate of Occupancy (CO) by passing an inspection of the house by the Borough. Following the inspection, the Borough required that thirty-three code violations be remedied prior to the issuance of a CO. Reed corrected the code violations, and the property passed a subsequent inspection. As a result, the Borough issued a CO and the house was sold several months later.

In early 2015, Reed spoke at an official session of the Borough Council, where he "told the Borough Council that he wanted them to be aware of the hardship and expense he experienced in the sale of the family home."[2] Two days later, the online edition of the Burlington County Times published statements made by the Mayor of Palmyra, Karen

---

[1] For purposes of resolving this motion to dismiss, we assume all facts alleged in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[2] App. 39.

Scheffler, in response to Reed's comments at the Borough Council meeting. According to Scheffler:

- The house was in extreme disrepair—dangerous even—and had been vacant for some time.
- Properties of this sort negatively affect the entire neighborhood and bring down property values.
- The property was a real eyesore for the neighborhood and a liability for Mr. Reed.
- The property had too many problems.
- There were many deficient areas, including electrical and plumbing problems, numerous holes, leaks, lack of CO detectors, a lack of hot water, crumbled chimney cement, no working stove and exposed wiring.[3]

Reed filed a complaint in the District of New Jersey against the Borough of Palmyra, Scheffler, and the Borough's Housing Official, Tracy Kilmer. He alleged, in relevant part, that Scheffler (1) violated his rights to free speech and to petition the government under the United States and New Jersey constitutions and (2) defamed him. Scheffler filed a motion to dismiss all counts against her for failure to state a claim, and the District Court granted the motion. Following the District Court's denial of Reed's motions for reconsideration and for leave to amend his complaint, all causes of action against the Borough and Kilmer were resolved and this appeal followed.

In this appeal, Reed challenges the dismissal of two claims he brought against Scheffler: (1) Count V, for alleged violation of the First Amendment, pursuant to 42 U.S.C. § 1983; and (2) Count VI, for alleged violation of the right to freedom of speech and to petition the government, pursuant to N.J.S.A. 10:6-2(c) and Article I, ¶¶ 1 and 18

---

[3] App. 39-40.

3

of the New Jersey Constitution.  Neither party challenges the District Court's conclusion that the analysis for both claims is identical.

II[4]

Reed's sole argument on appeal is that Scheffler violated Reed's right to free speech by failing to act in a viewpoint neutral manner.[5]  However, in this case, Reed does not allege the existence of any government restriction on his speech, nor does he allege that he was unlawfully prevented from speaking freely before the Palmyra Borough Council.  Instead, he contends that Scheffler's statements to the press—i.e., government speech—should have been viewpoint neutral.

The Supreme Court has consistently rejected the notion that government speech must be viewpoint neutral, holding that "the First Amendment does not say that . . . government entities must abridge their own ability to speak freely,"[6] and that "the Government's own speech . . . is exempt from First Amendment scrutiny."[7]  This is because "[w]hen a government entity embarks on a course of action, it necessarily takes a particular viewpoint and rejects others.  The Free Speech Clause does not require

---

[4] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise "plenary review of a motion to dismiss pursuant to Rule 12(b)(6)." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151 (3d Cir. 2018).

[5] In this appeal, Reed abandons all claims based on a theory of retaliation. Similarly, Reed fails to raise any arguments challenging the District Court's denial of his motion to amend the complaint. *In re Asbestos Prod. Liab. Litig. (No. VI)*, 873 F.3d 232, 237 (3d Cir. 2017) ("As a general matter, an appellant waives an argument in support of reversal if it is not raised in the opening brief." (citing *McCray v. Fidelity Nat'l Title Ins. Co.*, 682 F.3d 229, 241 (3d Cir. 2012))).

[6] *Matal v. Tam*, 137 S. Ct. 1744, 1757 (2017).

[7] *Johanns v. Livestock Mktg. Ass'n*, 544 U.S. 550, 553 (2005).

4

government to maintain viewpoint neutrality when its officers and employees speak about that venture."[8]  Thus, the First Amendment did not require Scheffler to speak in a viewpoint neutral manner.  Reed's argument to the contrary must fail.

## III

For the above reasons, we will affirm the judgment of the District Court.

---

[8] *Matal*, 137 S. Ct. at 1757.