**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3323
_____

UNITED STATES OF AMERICA

v.

GERALD MERCER
                        Appellant

_____

On Appeal from the District Court
of the Virgin Islands
Criminal No. 3-17-cr-00019-002
District Court Judge: Honorable Curtis v. Gomez

_____

Submitted Pursuant to Third Circuit L.A.R 34.1(a)
December 10, 2019

Before:  SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*

(Opinion filed: July 30, 2020)
_____

OPINION[*]
_____

McKee, *Circuit Judge.*

Gerald Mercer challenges his conviction for conspiracy to possess cocaine with the intent

to distribute. He argues that the District Court erred by not granting his Rule 29 motion for

---

This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment of acquittal.  For the reasons that follow we will affirm the court's ruling and Mercer's conviction.[1]

I.

Mercer claims an alleged variance between the single conspiracy charged in Count Fourteen of the Third Superseding Indictment and the purported evidence of multiple conspiracies presented at trial.  At Count Fourteen, a grand jury charged Mercer with conspiring with Makimba Barry and Neal Chesterfield to possess with the intent to distribute 75 kilograms or more of cocaine from "on or about January 1, 2012, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including on or about November 1, 2016."[2] Mercer argues that Chesterfield's testimony that he stopped smuggling cocaine with Mercer in December 2014 and thereafter only worked with Barry until his arrest in September 2016, demonstrates the existence of two conspiracies and a variance from the indictment warranting his acquittal.

In its review of Mercer's Rule 29 motion, the district court viewed the evidence in a light most favorable to the prosecution and determined a reasonable jury could find guilt beyond a reasonable doubt.[3]  The jury subsequently convicted Mercer.  In our review of the district court's ruling, we apply the same standard as that court under a *de novo* review of the record.[4]  We must grant Mercer's motion and vacate his conviction if "(1) there is a variance between the indictment and the proof presented at trial and (2) the variance prejudices a substantial right."[5]

---

[1] The district court had jurisdiction pursuant to 18 U.S.C. § 3231.  This court has jurisdiction under 28 U.S.C. § 1291.
[2] App. 37-38.
[3] *United States v. Freeman*, 763 F.3d 322, 343 (3d Cir. 2014).
[4] *Id.*
[5] *United States v. Kemp*, 500 F.3d 257, 287 (3d Cir. 2007) (citing *United States v. Kelly*, 892 F.2d 255, 258 (3d Cir. 1989)).

2

Whether a single conspiracy or multiple conspiracies existed is a question of fact that must be determined by the jury.[6] Thus, after a verdict, our application of the same standard used by the district court includes consideration of the sufficiency of the evidence supporting the jury's finding of a single conspiracy in a light most favorable to the government.[7]

When the District Court heard Chesterfield's testimony that he had stopped smuggling cocaine with Mercer in December 2014 after multiple occasions of not receiving full payment[8] it questioned counsel at side bar about how, if at all, Mercer was involved in what appeared to be a conspiracy between only Chesterfield and Barry.[9] The prosecution argued that the original conspiracy continued past December 2014 because "it was [Mercer's] mod[u]s operandi, [and] he [was] the one who established th[e] system of trafficking [the] cocaine."[10] Additionally, the prosecution presented a witness, Vanier Murraine, who transported cocaine for Barry beginning in March of 2016. Murraine testified that Barry claimed Mercer was his supplier and had been since 2011.[11]

B.

Mercer's argument rests on Chesterfield's testimony that he and Mercer stopped trafficking drugs together after December 2014. Assuming Mercer is correct and the prosecution failed to establish that he was indirectly supplying the drugs sold by Chesterfield after December 2014, Mercer has nonetheless failed to show prejudice to some substantial right.[12] Under the

---

[6] *United States v. Perez*, 280 F.3d 318, 345 (3d Cir. 2002).
[7] *Kemp*, 500 F.3d at 287.
[8] App. 154, 158, 161.
[9] App. 159-160.
[10] App. 161.
[11] App. 218.
[12] *United States v. Vosburgh*, 602 F.3d 512, 532 (3d Cir. 2010).

variance doctrine, as we explained in *United States v. Camiel*,[13] prejudice occurs where (1) "the guilt from one alleged co-schemer [is transferred] to another," (2) a defendant is left with inadequate notice of the actual charges being brought against him and is therefore unable to prepare a proper defense, or (3) a defendant is put in the position being charged for the same offense twice.[14]

However, Mercer cannot show a prejudicial spillover effect where he was tried alone and the district court struck Murraine's testimony. Furthermore, the District Court repeatedly told the jury to "disregard" most of the evidence of Chesterfield and Barry's 2015-2016 activities, making clear that the evidence could not be considered at all in the jury's deliberations.[15] Because "juries are presumed to follow their instructions,"[16] the instructions are a strong indication that the evidence did not prejudice Mercer.[17] He also cannot claim that he was prevented from adequately preparing a defense for a conspiracy of shorter duration than set forth in the indictment, especially given that the conspiracy adduced at trial was of shorter duration than that set forth in the indictment. Mercer's trial involved a single defendant and lasted fewer than three days. Moreover, the Government's theory of the case was straightforward, and the evidence was easy to follow.[18] Finally, as Mercer was only convicted of one count in a multi-

---

[13] 689 F.2d 31, 38 (3d Cir. 1982).

[14] 328 U.S. 750 (1946).

[15] App. 288.

[16] *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

[17] *See, e.g., United States v. Fattah*, 914 F.3d 112, 1878 (3d Cir. 2019) (rejecting a claim of prejudicial spillover in light of the "Court's instructions to consider and weight separately the evidence on each count as to each defendant"); *United States v. Hoffecker*, 530 F.3d 137, 190 (3d Cir. 2008) (similar); *United States v. Tyler*, 878 F.2d 753, 761 (3d Cir. 1989) (similar).

[18] *See Kemp*, 500 F.3d at 292 ("[T]he danger of prejudice [resulting from a variance] increases along with the number of conspiracies and individuals that make up the wrongly charged single conspiracy.").

count indictment, and offers no argument as to how any variance could subject him to trial for the same offense in the future,[19] he is unable to show that he was prosecuted twice for the same offense.

II.

For the foregoing reasons, we will affirm the district court's judgment.

---

[19] Appellant's Br. at 14.