# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 21-7004**

**September Term, 2021**

FILED ON: FEBRUARY 23, 2022

SAVANNAH HEIGHTS LIMITED PARTNERSHIP AND BOWLING GREEN APARTMENTS LIMITED PARTNERSHIP,

> APPELLANTS

v.

DISTRICT OF COLUMBIA HOUSING AUTHORITY,

> APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00155)

Before: HENDERSON, TATEL and MILLETT, *Circuit Judges*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Savannah Heights Limited Partnership and Bowling Green Apartments Limited Partnership (Owners) own separate apartment buildings in Washington, D.C. The Owners brought a breach-of-contract action against the District of Columbia Housing Authority (DCHA), a public housing authority that provides housing assistance to low-income households in Washington, D.C., and administers a federal voucher program providing rent subsidies for low-income tenants in the Owners' apartment buildings. *See* D.C. CODE §§ 6-201–6-232. They alleged that the DCHA breached its contractual duty to comply with various federal statutory and regulatory requirements for determining reasonable rents and the corresponding rent subsidies owed to the Owners. The district court dismissed the action because the DCHA participates in a congressionally approved program run by the Department of Housing and Urban Development (HUD) that gives local public

housing authorities the flexibility to craft their own procedures for the administration of the voucher program. Pursuant to its agreement with the DCHA under this program, HUD waived the federal requirements for determining rent reasonableness. *Savannah Heights Ltd. P'ship v. D.C. Hous. Auth.*, Civ. Action No. 20-155 (RJL), 2021 WL 39607, at \*2 (D.D.C. Jan. 4, 2021). Because the federal rent reasonableness requirements on which the Owners based their breach-of-contract action against the DCHA are inapplicable, the district court concluded that they did not state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). For the reasons set forth below, we affirm.

## I.

The Owners' apartment buildings in Washington, D.C., include dozens of units occupied by low-income families, a portion of whose rent is paid through the Housing Choice Voucher Program (HCVP), a HUD-administered program authorized by the Congress in the Housing Act of 1937 to help low-income families "obtain[] a decent place to live." 42 U.S.C. § 1437f(a), (b)(1). HUD coordinates with local public housing authorities like the DCHA to make rent subsidy payments to owners of low-income housing through the HCVP. *See id.* § 1437f(o); Section 8 Tenant-Based Assistance: Housing Choice Voucher Program, 24 C.F.R. pt. 982. The statute and its implementing regulations set forth specific procedures for determining the reasonable rent owed by the DCHA to participating housing owners. 42 U.S.C. § 1437f(o)(10)(A); 24 C.F.R. § 982.507 (Rent to owner: Reasonable rent). As required for the HCVP payments, the DCHA entered into standard Housing Assistance Payment (HAP) contracts with the Owners and the HAP contracts obligated the DCHA to comply "with all statutory requirements, and with all HUD requirements, including the HUD program regulations at" 24 C.F.R. pt. 982. Appendix (App.) 132–40.

Since 2000, the DCHA has participated in HUD's Moving to Work (MTW) Demonstration Program, which the Congress created in 1996. It allows public housing authorities like the DCHA to seek exemptions from existing public housing and voucher rules.[1] The DCHA's current MTW Agreement with HUD, in effect since 2010, expressly waives the federal statutory and regulatory requirements for determining rent reasonableness and authorizes the DCHA "to develop a local process to determine rent reasonableness that differs from the currently mandated requirements in the" statute and its implementing regulations.[2] App. 38 (DCHA's Memorandum in Support of Motion to Dismiss quoting the DCHA's 2010 MTW Agreement, Section D, 2(c), waiving rent-reasonableness provisions). The DCHA has accordingly designed its own local process for

---

[1] General information about the MTW program is publicly available on HUD's website. *See generally* DEP'T OF HOUS. & URBAN DEV., MOVING TO WORK (MTW) DEMONSTRATION PROGRAM, available at https://www.hud.gov/program_offices/public_indian_housing/programs/ph/mtw/history (last visited Feb. 15, 2022) (noting that the Congress created the MTW program through the Omnibus Consolidated Recissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and that the DCHA became a participant in 2000); DEP'T OF HOUS. & URBAN DEV., MTW FAQ, available at https://www.hud.gov/program_offices/public_indian_housing/programs/ph/mtw/faq (last visited Feb. 15, 2022).

[2] The DCHA's 2010 MTW Agreement is available in full on HUD's MTW website. Amended and Restated Moving to Work Agreement, Attachment C, Section D, 2(c), https://www.hud.gov/sites/documents/DOC_10184.PDF (last visited Feb. 15, 2022).

determining rent reasonableness, which it has implemented through its housing regulations. *See* D.C. Mun. Regs. Tit. 14, § 8301.3.

The Owners sued the DCHA for breach of contract in the Superior Court for the District of Columbia, alleging that it failed to comply with the federal statutory and regulatory requirements for determining rent reasonableness, an obligation purportedly imposed through the HAP contracts. As a result, the Owners sought approximately $275,000 in damages for lost rent.

After the DCHA removed the suit to federal court, the district court granted the DCHA's motion to dismiss because the federal provisions governing rent reasonableness were waived for the DCHA and therefore do not apply to its HAP contracts with the Owners. *Savannah Heights*, 2021 WL 39607, at *2. The district court concluded that the Owners failed to account for the effect of the DCHA's 2010 MTW Agreement with HUD, which rendered the federal requirements for determining rent reasonableness inapplicable. *Id.*

The district court had jurisdiction pursuant to 28 U.S.C. § 1331, as the DCHA properly removed the suit to federal court under 28 U.S.C. § 1441(a). This court has appellate jurisdiction under 28 U.S.C. § 1291, as the Owners filed a timely notice of appeal from a final order of the district court. A district court's order granting a motion to dismiss is reviewed *de novo*. *Carter v. WMATA*, 503 F.3d 143, 145 (D.C. Cir. 2007) (citation omitted).

## II.

The Owners argue that nothing exempts the DCHA from complying with the federal statutory and regulatory requirements for determining rent reasonableness and that their respective HAP contracts with the DCHA specifically obligate the DCHA to adhere to the process set forth in these provisions. Not so. The DCHA's 2010 MTW Agreement with HUD waives the federal requirements for rent reasonableness and the HAP contracts incorporate the DCHA's obligations—and thus the waivers—under the MTW Agreement.

As explained, the DCHA's 2010 MTW Agreement with HUD does precisely what the DCHA insists it does.[3] It expressly "waives" the federal statutory and regulatory requirements for determining rent reasonableness and authorizes the DCHA "to develop a local process to determine rent reasonableness that differs from the currently mandated requirements in the" statute and its implementing regulations. App. 38 (quoting the DCHA's 2010 MTW Agreement, Section D, 2(c) and specifically waiving the rent-reasonableness provisions found at 42 U.S.C. § 1437f(o)(10) and 24 C.F.R. § 982.507). Each year, the DCHA submits its annual HCVP plan, which includes its local process for determining rent reasonableness, to HUD for approval and the record indicates that HUD has without exception approved the DCHA's plans as compliant with its MTW

---

[3] The Federal Rules of Evidence provide that the "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b), (b)(2). Rule 201(b)(2) applies to HUD's public description of the HCVP and the MTW program, its publicly available 2010 MTW Agreement with the DCHA and its annual MTW approval letters— the authenticity and accuracy of which the apartment owners do not contest.

Agreement obligations. *See, e.g.*, *id.* at 52 (2020 approval letter noting waivers), 203 (2018 approval letter noting waivers), 205 (2019 approval letter noting waivers); s*ee also* D.C. Mun. Regs. Tit. 14, § 8301.3 (local process for determining rent reasonableness). Notwithstanding the Owners' protestations to the contrary, this practice is consistent with the DCHA's HAP contract obligation to comply "with all HUD requirements," including its duties under the MTW Agreement. App. 136. The DCHA owes no duty to the Owners to follow the federal requirements because they have been waived and nothing in the HAP contracts abrogates the waiver.[4]

On appeal, the Owners also contend that the DCHA's interpretation of its obligations under federal law and the HAP contracts is preempted by the Low-Income Housing Tax Credits Program, the objective of which is to incentivize the private development of affordable, low-income rental housing. They posit that the DCHA's failure to pay reasonable rent as defined by the statute and its implementing regulations conflicts with this objective. The Owners have forfeited this argument because they did not make it in district court. *See Chichakli v. Tillerson*, 882 F.3d 229, 234 (D.C. Cir. 2018) (an argument not raised in district court is forfeited).

The district court correctly concluded that the federal requirements for rent reasonableness on which the Owners based their breach-of-contract action do not apply to the DCHA pursuant to its longstanding MTW Agreement with HUD waiving such requirements. Accordingly, the judgment of the district court is affirmed.[5]

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**<u>Per Curiam</u>**

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

---

[4] Neither does the Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122 Stat. 2654 (2008), which amended the Housing Act of 1937 to provide a new standard for determining rent reasonableness—the standard codified in the statutory and regulatory provisions on which the Owners' complaint is based and that were waived by the DCHA's 2010 MTW Agreement.

[5] The Owners also contend that the district court abused its discretion by denying them an opportunity to conduct discovery. This argument is meritless. No discovery is required because the Owners failed to state an actionable claim. The very purpose of Rule 12(b)(6) is to dispose of cases that do not warrant reaching the costly discovery phase because, under the facts as alleged by the Owners, they could never win. *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1356 (3d ed. Apr. 2021 Update) (12(b)(6) motion "is not a procedure for resolving a contest between the parties about the facts").

4